245 So.2d 423 (1971)
Melroy CHATMAN et al., Plaintiffs-Appellants,
v.
Eugene T. MARTIN, Jr., et al., Defendants-Appellees.
No. 11575.
Court of Appeal of Louisiana, Second Circuit.
March 2, 1971.
Coen & Pliner, by Eugene J. Coen, Shreveport, for plaintiffs-appellants.
Lunn, Irion, Switzer, Johnson & Salley, by Richard H. Switzer, Shreveport, for Eugene T. Martin, Jr., and the Aetna Casualty and Surety Company, defendants-appellees.
Before AYRES, HEARD, and HALL, JJ.
AYRES, Judge.
This is an action in tort wherein plaintiffs, seven in number, nieces and nephews of Richard Chatman, seek to recover damages for his alleged wrongful death resulting from an accident of March 22, 1970, when he was struck by an automobile driven by defendant Eugene T. Martin, Jr.
*424 To plaintiffs' action defendants Martin and his insurer interposed an exception of no cause and of no right of action predicated upon the provisions of LSA-C.C. Art. 2315 which allegedly excludes nieces and nephews from the classes of persons upon whom are conferred rights of actions for damages such as were allegedly occasioned in this instance. It is further contended that plaintiffs' father, brother of the deceased, Richard Chatman, predeceased Richard Chatman; hence, plaintiffs' father never had a right of action for damages for his brother's wrongful death and, hence, could transfer none by inheritance to his children, plaintiffs herein.
No right of action for damages exists in this State for the death of a human being except as provided by statute. LSA-C.C. Art. 2315, originally enacted as Art. 2294 of the Civil Code of 1825, merely recited:
"Every act whatever of man, that causes damage to another, obliges him by whose fault it happened, to repair it."
The first case in which recovery of damages was sought for the death of a human being under the original language of the article was Hubgh v. New Orleans & Carrollton R. Co., 6 La.Ann. 495 (1851). There it was held that the article was a mere pious statement conferring no cause or right of action on anyone. This article, however, has since undergone considerable change through many amendments. The earlier changes have been noted and explained in Flash v. Louisiana Western R. Co., 137 La. 352, 68 So. 636 (1915).
As amended by Act 30 of 1960, LSA-C.C. Art. 2315 exists in its present form and now recites:
"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
"The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
"The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.

"As used in this article, the words `child', `brother', `sister', `father', and `mother' include a child, brother, sister, father, and mother, by adoption, respectively." (Emphasis supplied.)
A rule is well established in the jurisprudence of this State that no right of action, except such as is conferred by statute, exists in Louisiana for the recovery of damages for the death of a human being. For instance, in Kerner v. Trans-Mississippi Terminal R. Co., 158 La. 853, 104 So. 740, 741 (1925), it was pointed out:

"There is no right of action at common law, and there was none under the Roman or the Spanish law, for damages caused by the wrongful or negligent killing of a human being, for the loss of his support, or for mental suffering inflicted *425 upon any one surviving him, by his death." (Emphasis supplied.)
See the authorities therein cited:
Hermann v. N. O. & C. R. Co.,
11 La.Ann. 5;
Earhart v. N. O. & C. R. Co.,
17 La.Ann. 243;
McCubbin v. Hastings,
27 La.Ann. 713;
Vredenburg v. Behan,
33 La.Ann. 627;
Van Amburg v. V. S. & P. Ry. Co.,
37 La.Ann. 650, 55 Am.Rep. 517;
Delisle v. Bourriague,
105 La. 77, 29 So. 731, 54 L.R.A. 420.
Moreover, it was also declared in the quoted case:

"A right of action for damages for personal injuries is not inheritable under the common law, and was not under the civil law. Unless a statute declares that such right of action shall survive in case of the death of the person injured, it is abated by his death, whether he dies as a result of the injury or from some other cause, and whether he has or has not instituted a suit to recover the damages suffered." (Emphasis supplied.)
See the authorities therein cited:
Hubgh v. N. O. & C. R. Co.,
6 La.Ann. 495, 54 Am.Dec. 565;
Walton v. Booth,
34 La.Ann. 913;
Chivers v. Rogers,
50 La.Ann. 57, 23 So. 100;
Huberwald v. Orleans R. Co.,
50 La.Ann. 477, 23 So. 474.
It was further reasoned in the quoted case, from the above-recited principles:

"Therefore a statute that gives the right of action to survivors of the person injured, in case of his death, must be construed strictly, and not extended to any other survivors than those who were surely intended to be included and are in fact mentioned in the statute; and the rule applies as well to the right of action which the deceased person had for the injuries suffered by him as to the right of action for the damages suffered by the survivors mentioned in the statute." (Emphasis supplied.)
Walker v. V., S. & P. Ry. Co.,
110 La. 718, 34 So. 749;
Payne v. Georgetown Lumber Co.,
117 La. 983, 42 So. 475;
Lynch v. Knoop,
118 La. 611, 43 So. 252, 8 L.R.A.,N.S., 480, 118 Am.St.Rep. 391, 10 Ann.Cas 807;
Landry v. American Creosote Works,
119 La. 231, 43 So. 1016, 11 L.R.A., N.S., 387;
Vaughan v. Dalton-Lard Lumber Co.,
119 La. 61, 43 So. 926;
Flash v. La. W. R. Co.,
137 La. 352, 68 So. 636, L.R.A.1916E, 112;
Gerling v. Baltimore & O. R. Co.,
151 U.S. 673, 14 S.Ct. 533, 38 L.Ed. 311.
The purpose of the latest amendment to Art. 2315 of the Civil Code, as declared by the late Henry G. McMahon, one of the redactors of the Code, was primarily to broaden the right to recover damages for wrongful death and to solve the problems which otherwise would be presented by the doctrine of abatement of actions and, as amended, implements Art. 428 of the Code of Civil Procedure. In commenting, in notes found under the latter article, McMahon declared:
"The amendment makes a number of changes in the law. First, it makes a right of action, or an action, to recover property damage heritable. Second, it broadens the primary class of survivors so as to include major children. Third, if a survivor who has the right to recover damages for the physical injury or wrongful death of a deceased person should die, after instituting suit but before judgment, the instituted action is inherited by the survivor's heirs, who *426 may be substituted as parties plaintiff. In this respect, the amendment overrules legislatively Chivers v. Roger, 1898, 50 La.Ann. 57, 23 So. 100, and the cases based thereon. Fourth, if the survivor should die before instituting suit to recover damages for the physical injury or wrongful death of a deceased person, the right to sue is inherited by the survivor's heirs. In this respect, the amendment overrules legislatively Kerner v. Trans-Mississippi Terminal R. Co., 1925, 158 La. 853, 104 So. 740, and the cases which have followed it. Fifth, the amendment places relatives by adoption on the same basis as blood relatives." (Emphasis supplied.)
It, however, makes no changes in the principles of law hereinabove observed in the cases noted in the comment. The effects of the amendment of the article upon the authorities referred to are explained in Comment (d) found under LSA-C.C.P. Art. 428:
"The amendment of Art. 2315 of the Civil Code, proposed as companion legislation to this article, changes the substantive law of Louisiana in four respects:
* * * * * *
"(2) Under former Art. 2315, the highest class of survivors are the surviving spouse and minor children and a major child has no right of action if either exists. Under the amended Art. 2315, the highest class of survivors are the surviving spouse and children, major and minor.
"(3) Under Chivers v. Roger, 50 La. Ann. 57, 23 So. 100 (1898) and its progeny, if the survivor designated by former Art. 2315 sued to recover damages for wrongful death, and died prior to rendition of judgment, the action abated. The amended Art. 2315 overrules legislatively this line of cases, and under it in such a case the right of action is transmitted to the survivor's heirs.
"(4) Under Kerner v. Trans-Mississippi Terminal R. Co., 158 La. 853, 104 So. 740 (1925), if a right to recover damages for wrongful death accrued to the survivor named in the former Art. 2315, and this survivor died before instituting suit, the right of action died with him. Under the amended Art. 2315, this right is transmitted to the survivor's heirs `whether suit has been instituted thereon by the survivor or not.'" (Emphasis supplied.)
Thus, we conclude that the right of action for damages for the death of a human being is in derogation of the common right and cannot be extended by implication to other surviving relatives than those to whom it is expressly granted by statute. In the absence of some specific provision of law the courts have no authority to extend the rights granted by statute. Under LSA-C.C. Art. 2315, as presently amended, the right of action for the death of a human being is conferred by priority in this order upon: (1) the surviving spouse and child or children of the deceased, (2) the surviving father and mother of the deceased or either of them, and (3) the surviving brothers and sisters of the deceased. In the absence of any of these, no right to recover such damages exists in anyone. The article confers no right of action upon plaintiffs, nieces and nephews of the deceased, as such.
Plaintiffs' father predeceased Richard Chatman; hence no right of action was conferred by the statute upon their father to recover damages because of his brother's death. Therefore, no right of action was inherited by or conferred upon plaintiffs through inheritance from their father who, at the time of his death, as heretofore noted, had no right of action. These were the conclusions reached in Goodwin v. El Dorado Baking Co., 31 So.2d 230 (La.App., 2d Cir. 1947).
*427 Nor do we find that plaintiffs may derive any benefit or comfort from the language of LSA-C.C.P. Art. 428 that:
"An action does not abate on the death of a party. The only exception to this rule is an action to enforce a right or obligation which is strictly personal."
The article contemplates an action already in being, that is, one already instituted. Thus, it may be that "If the plaintiff has elected to enforce a right of action by instituting suit thereon, then his heirs, or his survivors under the amended Art. 2315 of the Civil Code, have the right to continue its prosecution, if the plaintiff dies." LSA-C.C.P. Art. 428, Comment (c).
Plaintiffs finally rely upon Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436, and Glona v. American Guar. & L. Ins. Co., 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441. In the first of these cases an action was brought on behalf of five illegitimate children for the wrongful death of their mother; in the second, a mother instituted an action for the wrongful death of her illegitimate son. The opinions of the United States Supreme Court in these cases by a divided court recognized that a state has broad powers when it comes to making classifications, but that it may not draw a line which constitutes an invidious discrimination against a particular class. The class therein involved was one of illegitimacy having no relation to the nature of the wrong allegedly inflicted. In applying the equal-protection clause of the Constitution to social and economic legislation, a declared purpose of the court was to give great latitude to a state legislature in making classifications. The line drawn in the cited cases was predicated upon illegitimacy which the court found not to be rational inasmuch as there was no relation between the illegitimacy and the wrong inflicted.
In the instant case there is no attack upon the validity or constitutionality of the provisions of LSA-C.C. Art. 2315. Nor is there any charge that the provisions of this article worked a discrimination against plaintiffs or against any class of persons, which included nieces and nephews, or, through discrimination, excluded them.
We find no error in the judgment appealed. Hence, it is affirmed at plaintiffs-appellants' costs.
Affirmed.