297 So.2d 506 (1974)
David H. COLLINS, as Administrator of the Succession of Erostine Young, widow
v.
Joseph L. BECNEL, his insurer, et al.
David H. COLLINS, as Administrator of the Succession of Erostine Young, widow of Emile Auguste, et al.
v.
Joseph L. BECNEL, his insurer, et al.
Nos. 6263, 6264.
Court of Appeal of Louisiana, Fourth Circuit.
June 26, 1974.
Rehearings Denied August 1, 1974.
*507 Kierr, Gainsburgh, Benjamin, Fallon & Lewis, Tucker H. Couvillion, III, and Harvey J. Lewis, New Orleans, for plaintiffs-appellants.
G. Walton Caire, Edgard and Porteous, Toledano, Hainkel & Johnson, John J. Hainkel, Jr., Christovich & Kearney, A. R. Christovich, Jr., New Orleans, for defendants-appellees.
Before LEMMON, BOUTALL and SCHOTT, JJ.
Rehearings Denied August 1, 1974 in No. 6264.
LEMMON, Judge.
The issue in this appeal from a summary judgment is whether the presumptions of survivorship of commorientes provided in C.C. arts. 936-939 are applicable to determine beneficiaries of wrongful death claims under C.C. art. 2315.
Eliza Collins and her only child were killed in an automobile accident. Counsel stipulated that there was no evidence to indicate the deaths were other than simultaneous.[1] At the time Mrs. Collins did not have a living spouse or any living parents.
Plaintiffs, as Mrs. Collins' surviving brothers and sisters, filed this action to recover their damages for her wrongful death. The administrator of Mrs. Collins' succession joined in the action as a party plaintiff. Inasmuch as Mrs. Collins' only child had died simultaneously with her, her brothers and sisters claimed that she "left no spouse, child, or parents surviving," within the contemplation of C.C. art. 2315, and that they were the proper parties to assert the claim for her wrongful death.
Defendants filed an exception of no right of action and a motion for a summary judgment, contending that under C.C. art. 939 Mrs. Collins' daughter "shall be presumed to have survived" and that C.C. art. 2315 does not provide a right of action to siblings when the tort victim left a child surviving.
The trial judge held that C.C. art. 939 was applicable and granted the summary judgment.
C.C. arts. 936 and 937 read as follows:
Art. 936. "If several persons respectively entitled to inherit from one another, happen to perish in the same event, such as a wreck, a battle, or a conflagration, without any possibility of ascertaing [ascertaining] who died first, the presumption of survivorship is determined by the circumstances of the fact."
Art. 937. "In the absence of circumstances of the fact, the determination must be guided by the probabilities resulting from the strength, age, and difference of sex, according to the following rules."
Thus, when several persons who are reciprocal heirs of one another die in a common disaster, the distribution of each *508 decedent's acquired property depends upon the order of their deaths. Furthermore, when the circumstances make it impossible to ascertain the order of their deaths, the legislature has adopted statutory presumptions to fictionally determine the order and thus to determine the distribution of the property acquired by the decedents during their lifetimes.
The statutory presumptions have been severely criticized,[2] because they result in adverse tax consequences (successive tax liabilities) and, in cases of a testate succession, in frustrating the testator's true desires by transmitting property through another person to that person's heirs, rather than to persons chosen by the testator or to the testator's heirs.[3] Nevertheless, the Supreme Court has held the presumptions are conclusive and irrebuttable. Succession of Langles, 105 La. 39, 29 So. 739 (1900).
Being statutory presumptions, however, C.C. arts. 936-939 must be construed narrowly.[4] Since the codal articles are apparently intended to control title to and disposition of property acquired during the lifetimes of commorientes who are reciprocal heirs of one another, we restrict the applicability of the presumptions to already acquired property, the distribution of which is governed by the rules of the law of successions.
C.C. art. 2315 is not part of law of successions[5] and is not primarily concerned with acquired property.[6] C.C. art. 2315 provides primarily (1) for the recovery by a tort victim of his damages, (2) if the victim dies, for survival of the victim's right to recover damages in favor of certain benefitted survivors, and (3) if the victim's death is a result of the tort, for a right of action in the survivors to recover their own damages sustained through the victim's wrongful death.
Thus, neither the survival action nor the wrongful death action are rights which are transmitted from the tort victim to his heirs in an inheritance sense. These rights do not pass through the victim's succession. Rather, these rights are granted by special statute to specified survivors (not necessarily presumptive heirs) in order of exclusionary preference, and in the absence of any of the specified survivors, the rights are not transmitted to any other persons.
Were we to hold that the presumptions of survivorship under succession law determine the beneficiaries of wrongful death actions under C.C. art. 2315, we would in this case allow a presumptive millisecond of fictitious survival of a primary class beneficiary to exclude recovery of damages by a secondary class beneficiary who actually survived the victim and actually sustained damages through the victim's wrongful death.
We hold that the law of torts makes plaintiffs the wrongful death action beneficiaries in this case, where in actual fact the victim "left no spouse, child, or parents surviving."
*509 Defendants have made a compelling argument that the Civil Code is an integrated unit and that the analogical extension of the survivorship presumptions is justified in logic and in accepted methods of interpretation. However, the survivorship presumptions are not expressly applicable to rights created by tort law. We decline to impose these presumptions (which must be strictly construed) by analogy or through the pari material rule of C.C. art. 17.
Our decision is not inconsistent with the Succession of Langles, supra, which held that there was no authority in Louisiana for a presumption of simultaneous deaths. Once we decided in this case that the presumptions of survivorship under succession law do not apply to determine wrongful death action beneficiaries under tort law, we do not presume the fact of simultaneous deaths; we simply leave this fact to be determined by the preponderance of the evidence, as is any other fact.
As to the claim by the administrator for funeral expenses, C.C. art. 2315 grants no right of action for wrongful death damages to a succession representative. Young v. McCullium, 74 So.2d 339 (La.App. 1st Cir. 1954). Accordingly, the administrator's claim was properly dismissed.
For these reasons, the judgment of the trial court is affirmed insofar as it dismisses the claim of David H. Collins, as administrator of the succession of Eliza Collins. The judgment is set aside insofar as it dismisses the claims of David H. Collins, individually, William Collins, Selina Collins Himes and Earl Collins, and the case is remanded for further proceedings. Costs of this appeal will be assessed upon final disposition of the case.
Affirmed in part, set aside and remanded in part.
SCHOTT, J., dissents and assigns reasons.
SCHOTT, Judge (dissenting).
The question of whether the presumptions of survivorship among commorientes found in LSA-C.C. Arts. 936 to 939 are applicable to a claim for wrongful death under LSA-C.C. Art. 2315 has never been squarely presented to our courts before this case. The majority have held that they are inapplicable, but I do not believe this conclusion is consistent with our jurisprudence.
In the case of Succession of Langles, 105 La. 39, 29 So. 739, our Supreme Court in holding that the doctrine was applicable to testate as well as intestate successions, said the following in the original opinion:
"The court has either to assume that both died simultaneously, or presume that one died before the other. We say assume that the parties died simultaneously, for the reason that there is no presumption in this state of the simultaneousness of the death of two parties. The court has to act either upon an assumption of simultaneous death or upon a presumption of survivorship. For the latter there is authority; for the former there is none."
Despite this unequivocal language to the effect that our law does not countenance a presumption of simultaneous death, the majority has concluded that in wrongful death actions under Article 2315 we do indulge in such a presumption.
The majority dispose of defendants' argument that the Civil Code is an integrated unit all of whose articles should be considered with the statement: "We decline to impose these presumptions (which must be strictly construed) by analogy or through the pari materia rule of C.C. Art. 17." In a footnote the majority indicate that they are influenced by the fact that "C.C. arts. 936-939 are found in Book III, Title I, Of Successions. C.C. art. 2315 is found in Book III, Title V, of Quasi-Contracts, and Of Offenses and Quasi-Offenses."
*510 However, I agree with the view taken on this point by United States District Judge Porterie in Doucet v. Travelers Ins. Co., D.C., 91 F.Supp. 864 (1950) where in holding that the commorientes articles apply to a wrongful death action, he said that:
"Since there were reciprocal wills involved in the Langles case, supra, a contention was made that, since those articles are found in the Title I of Book III of the Civil Code, entitled `Of Successions' and not in Title II of Book III of the Civil Code, entitled `Of Donations Inter Vivos (Between Living Persons) and Mortis Causa (In Prospect of Death)', the articles were not applicable in settling the testate successions. The Supreme Court of Louisiana held otherwise; that is, that the presumption articles in Title I applied to a succession settled under Title I or Title II.
"Plaintiffs in this action make a similar contention; that is, that the above articles on presumption of survivorship do not apply, since this is an action under Title V of Book III of the Civil Code of Louisiana, or Article 2315. Plaintiffs would then have us hold that the deaths were simultaneous, and that, therefore, the parents of each could sue for their respective child, since the children, bride and groom, had no descendants.
"In view of the reasoning of the Langles case, supra, and particularly the statement therein that "* * * there is no presumption in this state of the simultaneousness of the death of two parties', we cannot go along with plaintiffs' contention on an assumption. To hold with the plaintiffs would be a fallacia consequentisa non sequitur."
LSA-C.C. Art. 17 provides as follows:
"Laws in pari materiae, or upon the same subject matter, must be construed with reference to each other; what is clear in one statute may be called in aid to explain what is doubtful in another."
From the plain language of this article the clear provision of Art. 939 should be called upon to implement an otherwise doubtful Art. 2315. Thus, faced with the jurisprudential doctrine that there is no presumption of simultaneous death and referring to LSA-C.C. Art. 939 we should conclude that Erostine Young Auguste survived her mother. That being the case, Mrs. Collins' surviving brothers and sisters would have no claim for their sister's wrongful death because under LSA-C.C. Art. 2315 the favored beneficiary would be Mrs. Auguste.
Accordingly, I would affirm the judgment of the trial court, dismissing the claim of the plaintiffs.
I respectfully dissent.
NOTES
[1] Counsel also stipulated that the deaths were instantaneous and that there was thus no survival action resulting from this casualty.
[2] See 3 Planiol Traite Elementaire de Droit Civil, § 1712 (La.Law Inst.Transl., 1959); 9 Wigmore, Evidence §§ 2532, 2532(a); (3rd ed. 1940); Nathan, Common Disasters and Common Sense in Louisiana, 41 Tul.L.Rev. 33 (1966).
[3] The 1972 amendment to C.C. art. 1521 allows a testator to alter or negate these presumptions by using a survivorship clause in his will.
[4] See Planiol, supra, § 1718, citing a French case which held the presumptions cannot be applied to determine the beneficiary of a life insurance policy. (In Louisiana, such a situation is controlled by R.S. 22:645).
[5] C.C. arts. 936-939 are found in Book III, Title I, Of Successions. C.C. art. 2315 is found in Book III, Title V, Of Quasi-Contracts, and Of Offenses and Quasi-Offenses.
[6] The law of successions is incorporated into portions of C.C. art. 2315 only insofar as the article provides (1) that the survivor's heirs inherit his right of action if the survivor dies and (2) that the right to recover damages to property shall be inherited by the obligee's heirs if the obligee dies.