297 So.2d 510 (1974)
David H. COLLINS, as Administrator of the Succession of Erostine Young, widow of Emile Auguste, et al.
v.
Joseph L. BECNEL, his insurer, et al.
David H. COLLINS, as Administrator of the Succession of Eliza Collins et al.
v.
Joseph L. BECNEL, his insurer, et al.
Nos. 6263, 6264.
Court of Appeal of Louisiana, Fourth Circuit.
June 26, 1974.
Rehearing Denied August 1, 1974.
Writ Refused October 4, 1974.
*511 Kierr, Gainsburgh, Benjamin, Fallon & Lewis, Tucker H. Couvillion, III, and Harvey J. Lewis, New Orleans, for plaintiffs-appellants.
G. Walton Caire, Edgard, and Porteous, Toledano, Hainkel & Johnson, John J. Hainkel, Jr., Christovich & Kearney, A. R. Christovich, Jr., New Orleans, for defendants-appellees.
Before LEMMON, BOUTALL and SCHOTT, JJ.
Rehearing Denied August 1, 1974 in No. 6264.
LEMMON, Judge.
Plaintiffs are the aunts and uncles of Erostine Young August, who was killed with her mother and husband in an automobile accident. Counsel stipulated that there was no evidence to indicate the deaths were other than simultaneous.[1] At the time Mrs. Auguste had no living children or father.
Plaintiffs contend that under C.C. arts. 936-939 Mrs. Auguste (age 28) must be presumed to have survived her mother (age 50) and her husband (age 39) and that Mrs. Young's right to recover for her mother's and husband's wrongful deaths was inherited by plaintiffs upon Mrs. Young's death.
Defendants filed an exception of no right of action and a motion for summary judgment, which was granted by the trial court
In Collins v. Becnel, 297 So.2d 506, No. 6264 on the docket of this court, consolidated with this case for argument and decided this day, we held that C.C. arts. 936-939's presumptions of survivorship have no application to determine wrongful death action beneficiaries under C.C. art. 2315.
Accordingly, we hold in this case that Mrs. Auguste did not actually survive her mother and husband and that no right ever accrued to her to recover for their wrongful deaths. Mrs. August therefore never had a right of action for plaintiffs to inherit.
Additionally, plaintiffs have no right of action for Mrs. Auguste's wrongful death as her aunts and uncles, since aunts and uncles are not among the beneficiaries enumerated *512 in C.C. art. 2315. Neither is the succession representative enumerated, and we must also deny the claim for funeral expenses by the administrator of Mrs. Auguste's succession.
The judgment is affirmed.
Affirmed.
SCHOTT, J., dissents and assigns reasons.
SCHOTT, Judge (dissenting).
For reasons set forth in Collins v. Becnel, 297 So.2d 506, No. 6264 on the docket of this Court I would hold that Mrs. Erostine Young Auguste had a claim for the wrongful death of her mother and her husband since she is presumed to have survived them under LSA-C.C. Art. 939.
The question would then be posed as to whether that claim would have any value since Mrs. Auguste lived only a fictitious moment after the death of her mother and her husband.
In McFarland v. Illinois Central Railroad Company, 241 La. 15, 127 So.2d 183, the Supreme Court in holding that evidence of a surviving spouse's remarriage was inadmissible in her claim for the wrongful death of her husband, said the following:
"The reason for such doctrine appears to be that the loss suffered by the surviving spouse is determinable by conditions existing as of the date of the wrongful death such being the time when a right and a cause of action for the damages arises; and that the wrongdoer will not be permitted to show and rely on, and hence to benefit from, a remarriage in seeking a reduction of the damages for which he was responsible." (Italics supplied)
Evidence could be adduced at the trial of this case as to the amount of loss sustained by Mrs. Auguste based upon the love and affection exhibited between her and her mother while the two were alive, the frequency of their companionship and the emotional and psychological dependency which Mrs. Auguste may have had upon her mother, Mrs. Young, and value could be placed on that loss by the trier of fact. A similar determination could be made regarding Mrs. Auguste's loss of her husband.
In Wakefield v. Government Employees Insurance Co., La.App., 253 So.2d 667, this approach was dismissed by this Court as a "clever argument," but I disagree with that characterization and am of the opinion that the argument does indeed have merit. It is significant that the Supreme Court in denying the application for writ in the Wakefield case at 260 La. 286, 255 So.2d 771, did so for the reason: "As we understand the judgment of the Court of Appeal has the effect of a partial remand, this judgment is not final."
I would reverse the judgment of the trial court and remand it so that the aunts and uncles of Erostine Young Auguste, her legal heirs, could prove their claim inherited from their niece for the loss of her mother and her husband.
I respectfully dissent.
NOTES
[1] Counsel also stipulated that the deaths were instantaneous and that there was thus no survival action resulting from this casualty.