CULPEPPER, Judge.
Following our original decision in this case on May 26, 1976 and the denial of plaintiffs’ application for a rehearing on June 9, 1976 (333 So.2d 322), our Supreme Court granted in part plaintiffs’ application for writs and remanded the case to us with the following statement:
“Writ denied in part, granted in part: No error of law is shown as to denial of damages sought; However, as to the ad-ministratrix’s claim for the funeral expenses of the child, not passed upon by the court of appeal, the writ is granted, *1193 and the case is remanded to the court of appeal for its determination of the issue.”
In her petition the administratrix alleges that the child drowned in the oxidation pond due to the negligence of the defendants in maintaining the pond as an attractive nuisance. Thus, the claim of the administratrix is made under LSA-C.C. Article 2315, which provides that the right to recover damages for wrongful death survives in favor of certain listed persons. The article does not name the succession representative as one of those in whose favor a wrongful death action survives. On the specific question of whether the administrator of the estate of the deceased can recover funeral expenses from the person who is alleged to be responsible for the death, two of our Courts of Appeal have held that the administrator has no such right, and our Supreme Court denied writs in both cases. See Young v. McCullium, 74 So.2d 339 (La.App. 1st Cir. 1954), and Collins v. Becnel, 297 So.2d 506 (La.App. 4th Cir. 1974). We find these decisions are correct.
For the reasons assigned, our original decision sustaining the exception of no right of action as to all claims by the administra-trix is reinstated. All costs are assessed against the administratrix.
CLAIM OF THE ADMINISTRATRIX FOR FUNERAL EXPENSES DENIED.