Joseph **TUDOR**, Individually and as Administrator of the Succession of Virgil G. Tudor, Plaintiff,

v.

William **CONNELLY**, Frito-Lay, Inc., **ABC Insurance Company and DEF Insurance Company**, Defendants.

Civ. A. No. 80–1181.

United States District Court, E. D. Louisiana.

April 29, 1981.

182

James Hanemann, Jr., New Orleans, La., for plaintiff.

Lloyd W. Hayes, New Orleans, La., for defendant William Connelly.

Andre C. Broussard, Baton Rouge, La., for defendant Frito-Lay, Inc.

## MOTION TO DISMISS OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT

CASSIBRY, District Judge:

This is a survival and wrongful death action brought by a surviving nephew, individually and as succession representative for the death of Virgil G. Tudor, who allegedly died as a result of serious injuries he incurred while driving a motor scooter. Plaintiff alleges that the decedent was struck by a vehicle operated by defendant

William Connelly ("Connelly") and that in addition a truck, owned and operated by defendant Frito-Lay Corporation ("Frito-Lay"), contributed to the accident by blocking Connelly's view of an oncoming intersectional traffic stop sign.

Defendants Connelly and Frito-Lay each filed a motion to dismiss for failure to state a claim upon which relief can be granted and in the alternative for summary judgment, asserting that plaintiff has no right or cause of action under Article 2315 of the Louisiana Civil Code. The sole issue presented for my consideration is whether plaintiff, Joseph Tudor, either individually or in his capacity as the "Administrator of the Succession of Virgil G. Tudor", is a proper party to bring this survival and wrongful death action.

### I. TWO CAUSES OF ACTION

Article 2315 of the Louisiana Civil Code [1] provides, in pertinent part:

The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.

Recently, the Louisiana Supreme Court settled the uncertainty of the lower courts and the commentators by stating flatly that article 2315 creates two separate and dis-

1. La.Rev.Stat.Ann. § 2315 (West 1960).

tinct causes of action—a survival action and an action for wrongful death. *Guidry v. Theriot*, 377 So.2d 319 (La.1980). Article 2315 first designates certain specified survivors or beneficiaries who, in order of preference, are given the right to recover damages which the victim suffered and would have been entitled to recover from the tortfeasor had the victim lived. This action is referred to as the "survival action." In addition, the named beneficiaries are granted the right, if the victim dies as a result of the tort, to recover from the tortfeasor such damages as the beneficiaries have suffered as a result of the victim's wrongful death. This action is denominated as the "wrongful death action."

■ Although both actions arise from a common tort, they come into existence at separate times. The survival action arises simultaneously with the commission of the tort and is transmitted to the beneficiaries upon the victim's death. The wrongful death action does not arise until the victim dies. Each right addresses itself to the recovery of damages for totally different injuries and losses. The survival action permits recovery only for those damages suffered by the victim from the time of injury to the moment of death. The wrongful death action is intended to compensate the beneficiaries for compensable injuries suffered from the moment of death and thereafter. *See generally Guidry v. Theriot, supra*, 377 So.2d at 322.

The defendants' motions for summary judgment to dismiss the instant suit must be denied unless as a matter of law, plaintiff, both individually and in his capacity as succession representative, has no right of recovery.

## II. A NEPHEW HAS NO RIGHT OF RECOVERY UNDER ARTICLE 2315 AND CAN MAINTAIN NEITHER A SURVIVAL ACTION NOR A WRONGFUL DEATH ACTION

■ Article 2315 establishes the right to recover for the death of another.[2] No right of action exists for the recovery of damages for the death of another except such as is conferred by statute. *See Kerner v. Trans-Mississippi Terminal Railway Company*, 158 La. 853, 104 So. 740 (1925), *Chatman v. Martin*, 245 So.2d 423, 424–5 (La.App.1971). The right of action created by article 2315 extends only to the beneficiaries are strictly construed. *Roche v. Big Moose Oil Field Truck Service*, 381 So.2d 396, 399 (La.1980). In that case, the Louisiana Supreme Court held that the minor children of decedent did not have a right of action for the wrongful death of their adoptive father because the final decree of adoption was not rendered before his death. The court reasoned that the minor children are not the "children" of the decedent "by adoption" within the meaning of Article 2315. The Court stated that:

"... the rule that Article 2315 be strictly interpreted requires that we not expand the classes of beneficiaries by analogy."

*But cf. King v. Cancienne*, 316 So.2d 366 (La.1975) (good faith putative spouse may maintain wrongful death action for the plaintiff's own loss or for the injuries which the decedent suffered until death).

In *Chatman v. Martin, supra*, 245 So.2d 423 the court held that the nieces and nephews of decedent had no right of recovery for decedent's alleged wrongful death under article 2315 because that article confers no right of action upon the nieces and nephews of decedent. The court stated:

"In the absence of some specific provision of law the courts have no authority to extend the rights granted by statute. Under LSA–C.C. Art. 2315, as presently amended, the right of action for the death of a human is conferred by priority .... In the absence of any of [these named beneficiaries], no right to recover such damages exists in anyone."

*Accord Collins v. Becnel*, 297 So.2d 510 (La. App.1974) (decedent's uncles and aunts have

---

**2.** For a most scholarly discussion of the origin and development of Article 2315 *See King v.*

*Cancienne*, 316 So.2d 366 (La.1975).

no right of action for decedent's allegedly wrongful death, since aunts and uncles are not among the beneficiaries enumerated in Article 2315.

■ *Chatman, supra,* makes clear that plaintiff, as the decedent's nephew, has no right of action for the decedent's survival injuries. Nor does plaintiff, in his individual capacity, have a right of action for the decedent's allegedly wrongful death. Article 2315 creates a right of action in certain designated beneficiaries to recover all of the damages caused by a tortfeasor sustained by the victim until the injured person dies. A nephew is not a listed beneficiary, hence no right to recover such damages exists for nephews (as well as nieces).

### III. A SUCCESSION REPRESENTATIVE HAS NO RIGHT OF RECOVERY UNDER ARTICLE 2315 AND CAN MAINTAIN NEITHER A SURVIVAL ACTION NOR A WRONGFUL DEATH ACTION

Plaintiff argues that even if he is not one of the individuals designated by article 2315 as a beneficiary entitled to recover damages, nonetheless, he is entitled to bring a survival action for decedent's injuries suffered by the decedent as well as the decedent's hospital and related expenses, in his capacity as succession representative on behalf of Sylvia Sims, a sister of the decedent.

Unfortunately, as explained above, one is simply not entitled to sue under article 2315, either for the decedent's injuries or for wrongful death, unless he or she is a beneficiary enumerated therein. The fallacy of plaintiff's argument is that in Louisiana neither the survival action nor the wrongful death action are rights which are inherited and transmitted through the victim's succession to his heirs as an inheritance. Article 2315 is not a part of the law of successions; it is found in Book III, Title V, "Of Quasi-Contracts and Of Offenses and Quasi-Offenses." *Collins v. Becnel,* 297 So.2d 506, 509 (La.App.1974). The right of action created by article 2315 is a special statutory right which has been strictly construed to extend only to specified survivors

who are in fact named in the statute. In *Collins,* Id., the court of appeal denied a claim by a succession representative for funeral expenses in a wrongful death action. There the court stated:

"Thus, neither the survival action nor the wrongful death action are rights which are transmitted from the tort victim to his heirs in an inheritance sense. These rights do not pass through the victim's succession. Rather, these rights are granted by special status to specified survivors (not necessarily presumptive heirs) in order of exclusionary preference, and in the absence of any of the specified survivors, the rights are not transmitted to any other persons." 297 So.2d at 508.

In *Simmons v. Brooks,* 342 So.2d 236 (La. App.1977), the court of appeal had occasion to hold squarely that the right to recover for wrongful death is not an inheritance right. That case involved a mother's suit for the wrongful death of her son. The trial court sustained an exception of no right or cause of action and dismissed the mother's suit evidently because the existence of a surviving child of the decedent precluded the mother's right to recover. Decedent's child, however, had been legally adopted by the husband of decedent's ex-wife. The court of appeal reversed the trial court holding that although a surviving child normally precludes a parent of the decedent from recovering damages, that

"... right to recover for a wrongful death is not an inheritance right. That right of action is a legal right which is divested from a child at the time of his adoption in accord with L.S.A.–R.C.C. Article 214."

■ Set against this backdrop, it is clear that a succession representative, who is not listed as a survivor under article 2315, has no right of recovery either for the victim's personal injuries or for wrongful death. *Haas v. Baton Rouge General Hospital,* 364 So.2d 944 (La.1979); *Succession of Roux v. Guidry,* 182 So.2d 109 (La.App.1966) (wrongful death action); *Accord Whittington v. Hopfensitz,* 321 So.2d 836 (La.App. 1975) and cases cited therein (survival ac-

tion); *Moore v. Kinney*, 315 So.2d 340 (La. App.1975) (survival action); *Bertrand, As Administratrix v. State Farm*, 338 So.2d 1192 (La.App.1976) (wrongful death action); *Collins v. Becnel*, supra, 297 So.2d 506 (wrongful death action); *Collins v. Becnel*, 297 So.2d 510 (La.App.1974) (wrongful death action).

The case of *Caldwell v. U. S. Casualty Company of New York*, 129 So.2d 813 (La. App.1961) is urged by plaintiff to mandate a different result. In that case the court of appeal awarded damages for the pain and suffering endured by the decedent as a result of his accident as well as for funeral expenses and other charges resulting from his death to the administrator of the decedent's estate who brought a survival action. Although *Caldwell* has never been overruled expressly, it is clearly contrary to the weight of authority discussed and cited above. The case has been criticized greatly and at least one court expressly disagrees with the court's award. *See Whittington v. Hopfensitz*, supra, 321 So.2d at 836.

Although it is incumbent upon the court to apply a liberal construction to the pleadings to do substantial justice, it is not possible to convert the plaintiff's action, brought in his capacity as succession representative, into one brought instead on behalf of the sister of the decedent.[3] This court cannot correct the deficiency. The rights created under article 2315 exist only by authority of that statute and are conferred in favor of the named beneficiaries only. Plaintiff, who is not a named beneficiary under the statute, has no right of recovery despite the existence of at least one surviving beneficiary.

For the foregoing reasons, IT IS ORDERED that the defendants' motions for summary judgment are GRANTED.

[3] The court in *Succession of Roux v. Guidry*, 182 So.2d 109 (La.App.1966) noted that the beneficiaries in that case could have appointed one of their number to act as their agent to represent them all in a personal capacity in matters concerning a particular litigation (e. g. their rights relative to the death of Virgil G. Tudor). The court found that such authority had not been given in that case. *Accord Whittington v. Hopfensitz*, 321 So.2d 836 (La.App.

1975). Since plaintiff has not raised this as an issue, either in his opposition papers or by supporting affidavits, such authority does not appear to be an issue in this case. Moreover, the court in *Roux* stated that the beneficiaries could have appointed "*one of their number*" to represent them all. I have already held that Joseph Tudor is not a beneficiary under article 2315.