**Gloria DWYER, as Administratrix of the Succession of Joseph J. D. Lemoine**

v.

**LIGON SPECIALIZED HAULERS, Bud M. Edwards, and Protective Insurance Co.**

**Civ. A. No. 82–170–B.**

United States District Court, M. D. Louisiana.

June 16, 1982.

David R. Buckley, Baton Rouge, La., for plaintiff.

Kenneth E. Barnette, Seale, Smith & Phelps, Baton Rouge, La., for defendants.

POLOZOLA, District Judge:

This matter is before the Court on the motion of the defendants, Ligon Specialized Haulers, Bud M. Edwards, and Protective Insurance Company, for summary judgment. No oral argument is required on this motion.

This action was filed in the 18th Judicial District for the Parish of West Baton Rouge, State of Louisiana by the plaintiff, Gloria Dwyer, as administratrix of the succession of Joseph J. D. Lemoine. Plaintiff seeks to recover damages allegedly resulting from an automobile accident occurring on February 21, 1981 in which her brother, Joseph J. D. Lemoine, was killed. The defendants have timely removed this suit to this Court on the grounds that the Court has jurisdiction because of the diverse citizenship of the parties and the existence of an amount in controversy exceeding $10,-000. 28 U.S.C. § 1332.

Prior to the filing of this suit, a suit had been filed against the same defendants by Charlotte Nall Lemoine, wife of the decedent, Joseph J. D. Lemoine, as "natural tutrix of the minor child, Mickey Joseph Lemoine, and as administrator of the estate of the minor child, Mickey Joseph Lemoine." The suit which was filed on behalf of the decedent's son was brought for damages alleged to have been caused by the same accident and death which form the basis of the instant action. In the first suit, the plaintiffs sought the following damages on behalf of the decedent's minor child:

| | |
|---|---:|
| "A.  Loss of his father's companionship, society, love and affection, and parental guidance | $250,000.00 |
| B.  Loss of support | 500,000.00 |
| C.  Grief, shock and sorrow | 100,000.00 |
| D.  Pain and suffering of Joseph J. D. Lemoine for those excruciating injuries and emotional suffering that he endured prior to his death, from the time of the accident | 250,000.00 |
| E.  Medical, funeral and related expenses | 25,000.00 |
| Total | $1,125,000.00" |

This first suit was also removed to this Court and was subsequently dismissed after the parties entered into a settlement agreement. After the first suit was compromised, the decedent's spouse resigned as administratrix of her former husband's estate and Gloria Dwyer, plaintiff herein, was substituted as administratrix of her broth-

er's estate. After Gloria Dwyer was named administratrix of her brother's estate she filed the suit which is now pending before this Court.

The defendants have now moved for summary judgment on the grounds that all claims arising out of the accident in question have been settled and that there is no claim left upon which the plaintiff may sue. The plaintiff failed to file a timely opposition to defendant's motion as required by Rules 5 B(3) and 5 E(2) of the Local Rules of the United States District Court for the Middle District of Louisiana. Thereafter, the plaintiff, after being questioned by the Court for failing to file an opposition, merely filed copies of the proceedings relating to the decedent's succession and the tutorship of the decedent's son. Thus, since the plaintiff has to this date failed to comply with the Local Rules of the Court, the Court could grant the defendants' motion on this basis alone. However, because the Court has found on its own motion that it has no jurisdiction herein, the Court must remand this suit to the 18th Judicial District Court.

■ In determining whether the Court has jurisdiction in a case removed from a state court to a federal court, the "status of a case as disclosed by the plaintiff's complaint is controlling in the case of a removal, since defendant must file his petition before the time for answer or forever lose his right to remove. Of course, if, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291–292, 58 S.Ct. 586, 591–592, 82 L.Ed. 845 (1938).

■ After reviewing the complaint and Louisiana law, the Court finds that since the decedent was survived by a wife and child, the plaintiff, as the administratrix of the decedent's estate, can only file a claim for property damage. Since the property damage claim is $2,000, the requisite jurisdictional amount is not present. Since the jurisdictional amount is lacking, the Court does not have jurisdiction. Because the Court does not have jurisdiction, the Court cannot rule on defendants' motion for summary judgment, but must remand the suit to state court.

As noted heretofore, the plaintiff sues only in her capacity as administratrix of the decedent's estate. The decedent was survived by a wife and child. The damages sought by the plaintiff are itemized in her complaint as follows:

| | | |
|---|---|---|
| a. | Medical expenses | $25,000.00 |
| b. | Ambulance | 93.00 |
| c. | Funeral expenses | 4,761.00 |
| d. | Physical, mental and emotional pain and suffering and shock from the time of the accident until his death | 500,000.00 |
| e. | Property damage | 2,000.00 |
| | TOTAL DAMAGES | $531,854.00 |

Since this is a diversity suit, the Court must examine Louisiana law to determine what items of damages the plaintiff in this case may recover. Article 2315 of the Louisiana Civil Code applies. Under Article 2315 the plaintiff is not entitled to sue for any of the items of damages set forth in the complaint except the property damage claim. Thus, in *Haas v. Baton Rouge General Hospital*, 364 So.2d 944 (La.1978) the Louisiana Supreme Court set forth the following:

"La. Civil Code art. 2315 provides:

'Every act whatever of man that causes damage to another obliges him whose fault it happened to repair it.

The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.

The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them,

if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.

As used in this article, the words "child", "brother", "sister", "father", and "mother" include a child, brother, sister, father, and mother, by adoption, respectively.'

According to the clear language of the first sentence of the third paragraph of the above article, the right to recover damages (*other than property damages*) caused by an offense, upon the death of the injured person, shall survive for a period of one year from the death of the deceased in favor of certain designated beneficiaries. The right of action does not pass through the victim's succession to be transmitted to his heirs as an inheritance. Instead, it devolves exclusively upon specially designated classes of beneficiaries or survivors set forth in said article. Therefore, in the instant case, upon the death of Mrs. Pedigo, tort victim, the right to recover damages for the personal injuries sustained by her as a result of the alleged offense survived solely in favor of her spouse, Mr. Pedigo, in view of the fact that Mrs. Pedigo died without children. Hence, *the succession representative of the tort victim's estate has no right to bring the action to recover damages for the personal injuries sustained by the tort victim.*" 364 So.2d at 944–945 (Emphasis supplied)

See also: *Tudor v. Connelly,* 514 F.Supp. 181 (E.D.La.1981); *Bertrand v. State Farm,* 338 So.2d 1192 (La.App. 3rd Cir. 1976); *Collins v. Becnel,* 297 So.2d 506 (La.App. 4th Cir. 1974).

Louisiana jurisprudence has strictly construed the requirements of Article 2315. In fact, the courts have held that in order to recover, a plaintiff in a death case must affirmatively allege in his petition that he belongs to one of the listed classes of beneficiaries under Article 2315. If a plaintiff belongs to one of the inferior classes, for example a parent or a brother or sister, the plaintiff must affirmatively allege that no beneficiaries survive who outrank the plaintiff, for example, a widow and children. *Register v. Harrell,* 131 La. 983, 60 So. 638 (1913); *Horrell v. Gulf & Valley Cotton Oil Co.,* 15 La.App. 603, 131 So. 709 (La.App.Ct. Orl.1930); *Smith v. Monroe Grocery Co.,* 171 So. 167 (La.App.Ct.1937); *Trahan v. So. Pacific Co.,* 209 F.Supp. 334 (W.D.La.1962). If the plaintiff fails to set forth such an allegation in the complaint, the complaint is subject to dismissal for no right of action.

Since the plaintiff's claims for damages resulting from the decedent's personal injuries cannot be received by the plaintiff under the provisions of Article 2315 of the Louisiana Civil Code, the plaintiff's complaint reveals an amount in controversy of only $2,000. Based on the facts alleged in the complaint and Louisiana law, it is a legal certainty that the plaintiff may not recover more than $2,000. Thus, this Court is without jurisdiction to decide this case. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* supra; C. Wright, Federal *Courts,* 3d Ed. (1976) at 128–129. Since this case was removed improvidently and the Court is without jurisdiction, the Court must remand this case back to state court. 28 U.S.C. § 1447(c).

■ Even if petition seeks damages exceeding the amount in controversy required for diversity jurisdiction, the case will be remanded if the facts alleged in the petition do not support recovery of this amount. Thus, in *North American Transportation Co. v. Morrison,* 178 U.S. 262, 20 S.Ct. 869, 44 L.Ed. 1061 (1900) the plaintiff brought a state court action for breach of contract for transportation. The case was removed to federal court based on diversity jurisdiction.

Various items of damage were alleged, but the jurisdictional amount was reached only because of the inclusion of a prayer for the future wages the plaintiff would have earned if he had been transported to his contracted-for designation. Since the petition did not allege that the plaintiff had ever been there before, or that he had any business or promise of employment there, the Court held that the defendant could not as a matter of law be held liable for these damages. Thus, remand was ordered by the Court.

In *Wiggins v. N. Amer. Equit. Life Assur. Co.*, 644 F.2d 1014 (4 Cir. 1981) the plaintiff sued for $9,000 compensatory and $100,000 punitive damages in a breach of contract case. Under applicable law, punitive damages were only allowed for malicious breach of contract. This petition had failed to allege the essential element of malice. After removal, the district court struck the demand for punitive damages and then rendered judgment on the merits with respect to the compensatory damages. The Fourth Circuit Court of Appeals reversed the trial court and ordered that the case be remanded to state court. The appellate court held that since the petition only set out a recoverable demand for $9,000 "the district court *never* had jurisdiction." 644 F.2d at 1018. [Emphasis supplied] Similarly, remand was ordered in *Melkus v. Allstate Ins. Co.*, 503 F.Supp. 842 (E.D.Mich.1980) where, as the cause was pleaded, the plaintiff could not recover the exemplary damages which were needed to make up the requisite jurisdictional amount. The Court also noted that its ruling did not foreclose the possibility that in state court the plaintiff might amend his complaint to assert appropriate facts to justify the award of exemplary damages.

Based on the above decisions, it is necessary for the Court to remand this case to state court. The complaint failed to include the essential allegations under C.C. 2315 that the plaintiff fell within one of the classes of beneficiaries designated in the article and that no preferred beneficiaries existed. In fact the Court must note that the plaintiff could not truthfully have made such an allegation. Although matters outside the pleadings show her to be the sister of the deceased, it is clear that the decedent was also survived by a widow and child. For this reason, the plaintiff could not have recovered a sum in excess of $10,000 under the facts alleged in her complaint.

Because the Court lacks federal jurisdiction herein it would be improper for the Court to grant a partial summary judgment dismissing the bulk of the plaintiff's demands, and then remand the remaining claim for $2,000 to the state court. In other similar cases ordering remand under similar facts, the judgment of the court ordered remand only without ruling on any pending motions to dismiss or for summary judgment. E.g. *North American Transportation Co. v. Morrison*, supra; *Wiggins v. N. Amer. Equit. Life Assur. Co.*, supra; *Melkus v. Allstate Ins. Co.*, supra; *Sadler v. Penn. Refining Co.*, 31 F.Supp. 1 (W.D.S. Car.1940); *Stone v. Central Surety & Ins. Corp.*, 51 F.Supp. 432 (S.D.N.Y.1943). Almost directly analogous to the case pending before the Court is *Jeter v. Jim Walter Homes, Inc.*, 414 F.Supp. 791 (W.D.Okla. 1976). In the *Jeter* case, the plaintiff sought various items of damage for breach of an employment contract. His claim included a sum for future wages, without which the requisite jurisdictional amount was nonexistent. The defendant moved for summary judgment. The court found that the plaintiff was not entitled to payment for his lost future wages. However, the court noticed sua sponte that because of this the court lacked jurisdiction. Although the court found that the plaintiff was not entitled to recover for future wages, the judgment only ordered remand of the case, without reference to any other disposition of that claim and without reference to the motion for summary judgment.

This Court's conclusion that the Court must remand the case after a finding that the requisite jurisdictional amount is lacking without ruling on a pending motion for summary judgment is supported by the following analysis in 10 C. Wright and A.

Miller, Federal Practice and Procedure § 2713 at 391 and 404–405:

"A motion under Rule 12(b) usually raises a matter of abatement and a dismissal for any of the reasons listed in that rule will not prevent the claim from being reasserted once the defect is remedied. Thus a motion to dismiss for lack of subject matter or personal jurisdiction ... only contemplates a dismissal of the proceeding, not a judgement on the merits for either party..."

\*    \*    \*    \*    \*    \*

"... If the court has no jurisdiction, it has no power to enter a judgement on the merits and must dismiss the action. In addition, a dismissal for want of jurisdiction has no res judicata effect and the same action subsequently may be brought in a court of competent jurisdiction. A summary judgement, on the other hand, is on the merits and purports to have a res judicata effect on any later action..."

The Fifth Circuit Court of Appeals has also repeatedly stated that where a court does not have subject matter jurisdiction, whether for lack of jurisdictional amount or otherwise, the court does not have the power to render a summary judgment in that case. *Heyward v. Public Housing Authority*, 238 F.2d 689 (5 Cir. 1956); *Dassinger v. So. Central Bell Telephone Co.*, 505 F.2d 672 (5 Cir. 1974); *Boudloche v. Conoco Oil Corp.*, 615 F.2d 687 (5 Cir. 1980). Since the Court has no jurisdiction in the matter *sub judice*, it may enter no judgment on the merits. Although the Court's decision to remand may leave this Court powerless to direct the subsequent course of the action in the state court proceeding, the case must be remanded to state court.

Therefore, the Court having found that plaintiff, as a matter of law, is limited to a recovery of $2,000, and thus, the Court does not have jurisdiction under 28 U.S.C. § 1332, the Court on its own motion hereby remands this suit to the 18th Judicial District Court for the Parish of West Baton Rouge, Louisiana.

Judgment shall be entered accordingly.