445 So.2d 149 (1984)
William BLANCHARD, Individually and in his Capacity as Administrator of the Estate of Michael Lawrence Blanchard & Sherry Blanchard, Plaintiffs-Appellants,
v.
Richard T. TINSMAN, et al., Defendants-Appellees.
No. 83-451.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
Rehearing Denied February 29, 1984.
Writ Denied April 13, 1984.
*150 Ronald Thompson, Baton Rouge, Allen Gooch & Bourgeois, Sera H. Russell, III, Lafayette, Guglielmo & Lopez, James C. Lopez, Opelousas, Woodley, Barnett, Cox, Williams & Fenet, Clayton Davis, Lake Charles, Edgar Miller, Miller Freight Co., Tampa, Fla., for defendant-appellee.
Charles R. Ryan, Houma, for plaintiff-appellant.
Before GUIDRY, CUTRER and STOKER, JJ.
STOKER, Judge.
The parents of Michael Lawrence Blanchard brought a wrongful death action and a survival action arising from his death. Among others that suit was brought against Richard T. Tinsman, driver of a tractor-trailer unit which jackknifed on the highway and collided with a vehicle driven by Michael Lawrence Blanchard (Michael). Michael died instantly as a result of injuries received in the collision. Michael's wife, Cheryl Verret Blanchard, also died as a result of injuries sustained in the collision, but she exhibited some sign of life, a heartbeat, for a period of time after Michael's death. There were no children of the marriage of Michael and Cheryl.
Various other defendants,[1] who would be legally liable for the alleged negligence of Richard Tinsman, filed exceptions of no right of action grounded on the contention that plaintiffs have no right of action under LSA-C.C. art. 2315 under the circumstances. The circumstances relied upon by exceptors are that Michael's wife survived him; she therefore acquired the right to assert a survival action for his death and a wrongful death action for her personal damages sustained from his loss; and, finally that these rights passed to Cheryl Verret Blanchard's parents by inheritance when she died some minutes after Michael.
The trial court sustained the exception and, as to exceptors, dismissed the action of Michael's parents, William Blanchard, individually and as administrator of Michael's estate, and Sherry Blanchard. In a separate judgment the trial court additionally dismissed Richard T. Tinsman and other defendants. (See footnote 1). The plaintiffs appeal. We affirm.
The appellants urge equitable considerations, but unfortunately the case must be decided against them. The trial court's ruling was correct. LSA-C.C. art. 2315; Haas v. Baton Rouge General Hospital, 364 So.2d 944 (La.1978); Simmons v. Brooks, 342 So.2d 236 (La.App. 4th Cir. 1977); Walker v. St. Paul Ins. Companies, 339 So.2d 441 (La.App. 1st Cir.1976), writ granted, 341 So.2d 554 (La.1977), on remand 343 So.2d 251 (La.App. 1st Cir.1977), writ denied 345 So.2d 61 (La.1977).
Preliminarily the appellants urge that because Cheryl never regained consciousness and never was aware of Michael's death, she did not acquire an action under Article 2315 and, therefore, she had no action which passed to her parents. Such an argument can only relate to the elements of damage which may be recovered and not to the question of right of action under Article 2315. In the matter now before us, we decide only that the parents of Michael have no right of action under the circumstances. Whether Michael suffered any conscious pain and suffering and whether Cheryl was conscious so as to experience any loss of love, affection and companionship are questions of fact and relate to the elements of damage for which a recovery in this case can be had. At this point we confine ourselves to affirming the exception. If on trial of any action by *151 Cheryl's parents it should be decided that there could be no recovery for the elements of damage mentioned above, that would not shift any right of action to the parents of Michael.
In appellants' principal contention and argument, they urge that we give a broad interpretation to the word "surviving" as used in LSA-C.C. art. 2315. They contend that we should not consider Cheryl to be the survivor merely because she survived in the technical sense. The collision rendered Cheryl unconscious and she remained in the throes of certain death which did occur within a short period of time. In fact, the only life sign she showed was a heartbeat. She was not breathing. Efforts at resuscitation were unsuccessful. Cheryl's heartbeat ceased in the ambulance on the way to the hospital and she did not respond to chest compressions. In view of these facts and circumstances appellants urge that, under a common sense interpretation of Article 2315, they are the true survivors. The appellants' argument runs as follows:
"Appellant (sic) submits that it is probable that Cheryl did have `vital signs' after Michael no longer showed signs. However, appellant (sic) submits that the evidence is conclusive that Cheryl could not have recovered from her injuries and that neither Michael nor Cheryl `survived the accident'.
* * * * * *
"Appellant (sic) submits that it should not matter which person has vital signs longer in a multiple death catastrophe where no one regains consciousness as C.C. art. 2315 is concerned with actual survival and not the moment of death."
We disagree that this is the meaning of survivorship contained in Article 2315. As we interpret the article the term "surviving" has reference to survival in fact, in point of actual time, not survival of the accident. As harsh as the result seems to be, that is the result dictated by the clear meaning of the article. The jurisprudence cited above has so interpreted the article.
For reasons that are not entirely clear the appellants cite and discuss at length the case of Collins v. Becnel, 297 So.2d 506 (La.App. 4th Cir.1974). Appellants urge that Collins v. Becnel gives an "ordinary, common sense definition of `surviving'" as employed in Article 2315. They urge that a common and ordinary interpretation be given the article here and urge that we not adopt a technical and narrow interpretation of the word "surviving." We cannot find that Collins v. Becnel, supra, has any application to this case. The decision and reasoning of the court in that case may have given a common sense and ordinary meaning to the word "surviving" as it applied to the facts of that case. However, the opinion in that case does not influence the decision here.
The facts of the case of Collins v. Becnel, supra, are altogether different from the facts before us. In Collins the deaths of a mother and her only child occurred simultaneously and instantaneously. The defendants sought to defend against an action by the mother's brothers and sisters, the claimants next in line under Article 2315. The defendants sought to invoke the presumptions of survivorship of commorientes set forth in LSA-C.C. arts. 936-939 to determine beneficiaries of wrongful death claims under Article 2315. The defendants in Collins contended that under Article 939 there was a presumption that the daughter survived the mother. The Court of Appeal for the Fourth Circuit held in Collins that the presumptions sought to be invoked, applicable in succession law, are not applicable, and did not apply, to actions for wrongful death under Article 2315. The Court of Appeal held that the law of torts made the mother's brothers and sisters "the wrongful death action beneficiaries... where in actual fact the victim `left no spouse, child, or parents surviving.'"
By holding that the presumptions of survivorship applicable in succession law did not apply, and "in actual fact" the mother could not be said to have left her deceased only child (who died simultaneously with *152 her), the brothers and sisters were the next in line to assert the Article 2315 action.
We do not interpret appellants' arguments contained in their brief relative to Collins v. Becnel, supra, as urging that we adopt the presumptions of survivorship contained in the Civil Code articles. Appellants appear to concede their inapplicability. They quote from a law review note in 50 Tul.L.Rev. 441 at pages 449-450, entitled "Tort-Wrongful Death" which treats the Collins case, in which the writer states that the court in Collins employed the word "surviving" in its ordinary sense and meant surviving in actual fact. Appellants then argue that if we should follow Collins v. Becnel, "the ordinary, common sense definition of `surviving' allows Michael's parents a right of action for their loss of love and affection, and Cheryl's parents the same right for the loss of their daughter." Appellants further suggest that this would be the just and equitable solution. We are inclined to agree that such would be a just and equitable solution. Nevertheless, in this case we are compelled to conclude that, in actual fact, Cheryl survived Michael. Therefore, Cheryl was the surviving beneficiary under Article 2315 in the first instance.
If this result is unjust and inequitable, as we are inclined to think it is, it is a matter for legislative correction. We feel bound by the decision and holding in Haas v. Baton Rouge General Hospital, supra; Simmons v. Brooks, supra, and Walker v. St. Paul Ins. Companies, supra, and the clear meaning of Article 2315.
For the foregoing reasons, the judgment of the trial court dismissing plaintiffs' action is affirmed. Costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.
NOTES
[1] The defendants who filed exceptions of no right of action are Hartz Mountain Corporation, Sanders Leasing Systems, Inc. and Liberty Mutual Insurance Company. Although defendants, Richard T. Tinsman, the State of Louisiana, Miller Freight Company, R.E. Heidt Construction, Inc. and North-West Insurance Company did not file exceptions, the trial court (as indicated in the text of the opinion above) dismissed these defendants along with the exceptors, relying on the authority of LSA-C.C.P. art. 927.