GLADNEY, Judge.
In this action for wrongful death, it is alleged that John Medica intentionally killed his wife, Theresa Romo Medica, and later destroyed his own life. Petitioner, Mrs. Mary Romo Gonzales, asserts her sister, Mrs. Medica, died intestate on February 4, 1961, survived by her husband, John Medica, but no father, nor mother, nor children, and no brothers and sisters other than herself. The suit was instituted September 27, 1961, against the succession of John Medica, represented by its duly qualified administrator, Jerrold M. Bloomer, who filed exceptions of no cause and no right of action. The exceptions were sustained by the trial court and judgment was rendered rejecting the demands of plaintiff, hence this appeal.
The ruling of the trial judge in effect, held that the cause of action to recover damages for the tort inflicted vested in favor of Theresa Romo Medica by operation of law under LSA-C.C. Art. 2315, and at her death passed on to the surviving spouse, John Medica, who, being the tort feasor, was without legal right to personally secure its adjudication for: (a) under general law to allow the spouse as substituted party plaintiff to recover for a wrong he himself inflicted would be a violation of the policy of the law which forbids that one should reap a benefit from his own misconduct; (b) the doctrine of coverture; (c) succession to the cause of action by the ob-ligor resulted in its extinguishment through confusion as provided by LSA-C.C. Art. 2217; and (d) petitioner is not the primary survivor nor a beneficiary named in Article 2315. Though conceding the force of the aforementioned principles in our jurisprudence, counsel for appellant argues that the issue as presented is one of first impression in this state. It is contended that since John Medica had no right to recover for his own wrongdoing, confusion under the provisions of Article 2217 did not take place as he had no cause of action and nothing to transmit to his heirs or estate. Continuing the argument it is asserted that the *888 simple, obvious and just result of Medica’s wrongdoing is that he became disqualified as a beneficiary of the death action, and because of his disqualification the plaintiff became the prime beneficiary of the cause of action arising from the death of decedent. Equitable reasons are urged in favor of the right of appellant to recover damages sustained by the death of her sister and counsel cites and relies upon the case of Apitz v. Dames, 205 Or. 242, 287 P.2d 585 (1955), decided by the Supreme Court of Oregon. The cited case, as hereinafter pointed out, is apposite enough, but is nonetheless in direct conflict with our own jurisprudence and statutes as interpreted by the Supreme Court of our state.
In Louisiana an action for damages for wrongful death is explicitly provided for in LSA-C.C. Art. 2315, as amended, which insofar as pertinent hereto, in part reads:
“ * * * The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving ; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not. * * * ”
The article as presently constituted provides that if the survivor should die before instituting suit to recover damages for the physical injury or wrongful death of a deceased person, the right to sue is inherited by the survivor’s heirs. H. G. McMahon, in an annotation, notes in this respect that the amendment overrules legislatively Kerner v. Trans-Mississippi Terminal R. Co., 158 La. 853, 104 So. 740 (1925), and the cases which have followed it. As pointed out in Flash v. Louisiana Western R. Company, 137 La. 352, 68 So. 636, L.R.A.1916E, 112 (1915), Article 2315 of the Civil Code of 1870 appeared in the Civil Code of 1825 as Article 2294 and as then written did not give to any surviving relative a cause of action for damages for personal injuries resulting in death. The first amendment providing for such a cause of action was Act No. 223 of 1855. Subsequently, the article has been repeatedly amended, the last being in 1960 which resulted in five changes as pointed out in the explanatory note of Henry G. McMahon to Article 2315 as amended in 1960. See LSA-Civil Code, Vol. 9, 1961 Supplement, page 6.
Justice O’Niell in Flash v. Louisiana Western R. Company gives an exhaustive review of the prior jurisprudence with reference to rights of a beneficiary of a death action. In Hubgh v. New Orleans & C. R. R. Company, 6 La.Ann. 495 (1851), it was observed that an action for damages for the killing of a human being did not exist in common law, nor in the Roman or Spanish laws, in which the articles of the Code were found, and it was held that Article 2294 (2315) had not enlarged upon the remedies given by the former laws in cases of damages arising from torts. Consistently up to the present, the courts of this state have ruled that the right of action for damages for the death of a human being is in derogation of common right, and cannot be extended by implication to surviving relations other than those to whom it is granted expressly by statute. Flash v. Louisiana Western R. Company, supra; Bradley v. Swift & Company, 167 La. 249, 119 So. 37 (1928); Thompson v. Vestal Lumber & *889 Manufacturing Company, La.App., 16 So.2d 594 (2d Cir.1943), aff. 208 La. 83, 22 So.2d 842 (1944) ; Goodwin v. El Dorado Baking Company et al., La.App., 31 So.2d 230 (2d Cir.1947); Harris v. Lumbermen’s Mutual Casualty Company of Chicago, Illinois et al., La.App., 48 So.2d 728 (1st Cir.1950). Other citations to the same effect could be supplied, but we think this unnecessary.
The substantial changes effected in Article 2315 by the 1960 amendment were, no doubt, intended to foreclose questions of abatement, and harmonize the provisions •of Civil Code Article 2315 with provisions found in the New Louisiana Code of Civil Procedure. See LSA-C.C.P. Arts. 426, 427 and 428. It is expressly provided that the right to recover damages is a property right which on the death of the survivor in whose favor the right of action survived is now inherited by his legal, instituted, or irregular heirs whether or not suit has been instituted thereon by the survivor. Prior to the amendment, as held in Dumas v. United States Fidelity & Guaranty Company, 241 La. 1096, 134 So.2d 45 (1961), wherein the rights of the respective parties arose prior to the 1960 amendment to Article 2315, it was only where the right of action of the decedent had become merged into a judgment that it lost its classification as a right of action and became a property right which was inherited by the heirs.
The holding of. the Dumas case in other respects removes beyond peradventure of doubt as to whether the cause of action that vested in the wife passed on to her husband, even though he could not validly assert his right in court for the reasons above stated. The Dumas case, as we so construe it, holds Article 2315 does not validate transmission of the cause of action to the next named beneficiary upon the pretext of disqualification of the prime beneficiary. In Dumas, a suit under the direct action statute, Mrs. Alice Dumas had run through a red signal light and collided with another car, and as a result of the collision her husband, who was riding as a guest passenger, received injuries and instituted suit against his wife’s liability carrier. Prior to judgment Dumas died of an illness unrelated to the injuries sustained in the accident. Counsel for the insurer argued Dumas’ cause of action vested upon his death in the surviving spouse who was the tort feasor. The Supreme Court agreed, holding that the right of action was transmitted only to the surviving spouse, and further that the cause of action for injuries received by Mr. Dumas was destroyed by confusion, and by the policy of our law which forbids a reward for one’s own misconduct. We observe that had the Dumas case been decided under the 1960 amendment to Article 2315, which establishes the cause of action as a heritable or property right, the result probably would have been different, for the major children of Dumas in the trial court attempted to be substituted as parties plaintiff. We are of the opinion the case is controlling upon this court for even under Article 2315 as amended, the cause of action of Mrs. Medica passed on to her surviving spouse and was lost by reason of his inability to assert the cause of action.
Counsel’s reliance upon Apitz v. Dames, supra, although it can have no effect upon our decision herein, does point up a serious weakness in our adherence to the doctrine of coverture and confusion as preventing the enforcement of a right against a tort feasor upon the death of the statutory survivor. The holding reflects the growing tendency of the Federal and courts of other states to liberally construe statutes and modify to that end jurisprudence involving actions for death. Theories to this effect were reflected in some of our earlier decisions, notably Hubgh v. New Orleans & C. R. R. Company, supra, and Flash v. Louisiana Western R. Company, supra, and have possibly helped bring about the broadening amendments to Article 2315.
A further argument would have us attach significance to the nature of the tort committed, that is to say, that it was felonious and unlawful. This fact is immaterial, *890 we think, because Article 2315 is explicit and exclusive. Its construction may not go beyond its literal provisions.
Finding no error in the judgment from which appealed, it is affirmed at appellant’s cost.