286 So.2d 484 (1973)
Marie N. JOHNSON
v.
The TRAVELERS INDEMNITY CO.
No. 9558.
Court of Appeal of Louisiana, First Circuit.
November 12, 1973.
Rehearing Denied January 4, 1974.
Writ Refused February 1, 1974.
*485 Horace C. Lane, Baton Rouge, for appellant.
W. Henson Moore, Baton Rouge, for appellee.
Before SARTAIN, TUCKER and WATSON, JJ.
TUCKER, Judge.
Plaintiff Marie N. Johnson sued for the wrongful death of her son, Dr. Roy L. Milde, killed in a one-car automobile accident on May 12, 1971. At the time of the accident the decedent was riding as a passenger in an automobile driven by his wife, who also died one week after the accident from injuries sustained in the same accident. They left no children. Plaintiff sued defendant insurer as the liability insurer of Mrs. Mildred R. Milde, her son's deceased wife. Plaintiff claimed to be the proper statutory beneficiary under C.C. art. 2315. Defendant insurer filed an exception of no cause or right of action, which was sustained by the trial court.
Plaintiff has appealed to this court, alleging that the trial court erred in applying the rule of extinguishment by confusion, and complaining that the trial judge based his decision upon Gonzales v. Succession of Medica, 141 So.2d 887 (La.App. 2d Cir. 1962). Although the minutes of the Court reflect that oral reasons for judgment were given by the judge in the trial court, there is no record of such, and counsel for defendant-appellee does not allude to them. In the absence of any evidence as to the grounds for the trial court's decision, we will base our holding upon the obvious issue presented by plaintiff's petition and defendant's answer, which, for the purposes of a peremptory exception, must be assumed to be true.
In his appellate brief counsel for plaintiff has argued at length, citing many authorities from common law jurisdictions, and urging the equities of the case. Nonetheless Civil Code article 2315 is explicit in its provisions which relate directly to the facts of this case. It provides in part as follows:
"................
The right to recover all other damages caused by an offense or quasi-offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse of such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and ............ A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not................" (emphasis added)
By the clear language of the above-quoted provisions of C.C. 2315 the survival of any persons in the first category of survivors precludes any action by those in the second category. No exception is made in the case of a spouse or child who survived the deceased only hours or days or weeks. No exception is made in the case of any of the named survivors who is barred from bringing *486 action for any reason. Since the decedent Dr. Milde was survived by his wife, who is among those named in C.C. art. 2315 as the first category of survivors entitled to bring a wrongful death action, the action for the death of Dr. Milde, if any, fell to Mrs. Mildred R. Milde, or her heirs, even though she survived her husband only by a week. Decedent's mother, plaintiff-appellant herein, is entirely precluded from bringing an action for the death of her son, inasmuch as she is a second category survivor, and a first category survivor existed after her son's death. See also Gonzales v. Succession of Medica, 141 So.2d 887 (La.App.2d Cir. 1962); Lopiparo v. Varnado, 208 So.2d 354 (La.App.1st Cir. 1968); and Wakefield v. Government Employees Insurance Co., 253 So.2d 667 (La. App.4th Cir. 1971).
The judgment of the trial court is correct and it is affirmed at the cost of appellant.
Affirmed.