485 So.2d 521 (1986)
Paula Levens, Wife of/and Mark LEVENS
v.
COMMERCIAL UNION INSURANCE COMPANY et al.
No. C 5173.
Court of Appeal of Louisiana, Fourth Circuit.
February 27, 1986.
Frank J. D'Amico, New Orleans, for Paula and Mark Levens.
Stephen N. Elliott, Metairie, for Empire Fire and Marine Ins. Co.
Edward A. Rodrigue, Jr., New Orleans, for Trinity Materials, Inc. and Commercial Union Ins. Co.
Before REDMANN, C.J., and KLEES and LOBRANO, JJ.

*522 ORDER
REDMANN, Chief Judge.
La.C.C. 2315 B makes damages including loss of consortium, service and society "recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person." Art. 2315 D sets out those categories as (1) spouse and children; (2) parents, "if [the wrongly-killed person] left no spouse or child surviving"; and (3) siblings, "if he left no spouse, child, or parent surviving."
Plaintiff Mark Levens was injured and he and his wife filed this action for their respective damages from his injury. Some time thereafter his wife divorced him. His motherwho alleges that now she rather than the wife will bear the burden of personal care for her seriously injured son thereafter sought to recover her own damages from her son's injury by adding herself as a plaintiff.
The mother's claim was dismissed on exception of no right of action. Petitioning for writs, she argues that, because of the divorce, "[t]he impediment to her right of action (i.e. her son's marriage) has been terminated" and she therefore now has a right to recover damages under 2315 B. We are unable to agree.
Art. 2315 B gives a damage action to persons who "would have had" a wrongful death action. "[W]ould have had" implies only one condition: if the injured person had been killed at the time the injury occurred, rather than merely injured. The persons who "would have had" a wrongful death action if death had occurred are allowed to recover damages for non-fatal injury to their spouse, parent, child or sibling. (The mother does not argue that "would have had" allows the supposition of any additional contrary-to-fact circumstance under which she "would have had" an actione.g., she "would have had" the action if the son had been killed and if he had had no wife.)
The mother concedes that the existence of a spouse at the time of a fatal injury precludes a mother's wrongful death action, citing Clark v. Tenneco, Inc., 353 So.2d 418 (La.App. 4 Cir.1979), cert. denied 355 So.2d 266. We conclude that the existence of a spouse of an injured person at the time of a nonfatal injury equally precludes a mother's action at that time for her own damages arising out of the injury. The mother is not a person who "would have had" a wrongful death action at the time of the injury.
The mother presumably is a person who would have a wrongful death action today, however, if the son were to die today as a result of the same injury, because he no longer has a spouse (and he never had children). It may be somewhat anomalous that the statute would not allow the mother to recover her own damages from her son's injury at the time of the injury (because she was not then a person who "would have had" a wrongful death action), but might allow her to recover those same damages if her son died today from the same injury (because the motherno longer outranked by the now divorced wife"would have" a wrongful death action in which to recover her own damages under 2315 D rather than 2315 B).
Yet subsequent divorce is similar to death of the spouse in that each terminates the marriage, leaving the wrongly injured person without a spouse. In respect to death, art. 2315 C provides that the right given by 2315 to recover one's own damages from death of or injury to another is "a property right" that is heritable just as other property is. The effect of that provision is that when a spouse-beneficiary later dies (even from the same accident), the spouse's heirs are entitled to recover the spouse's damages. The mother does not, because of the spouse's later death, become entitled to recover her damages from her son's death. Johnson v. Travelers Indemnity Co., 286 So.2d 484 (La.App. 1 Cir. 1973), cert. denied 288 So.2d 645; Blanchard v. Tinsman, 445 So.2d 149 (La.App. 3 Cir.1984), cert. denied 448 So.2d 113. And, as Johnson and Blanchard did in the case of subsequent death of the spousealthough *523 noting the desirability of the legislature's amending art. 2315 for different resultswe conclude that the mother does not gain a right to recover damages under 2315 B because of the subsequent divorce of the spouse.
Art. 2315 limits to only one category of beneficiaries the right to recover their personal damages from a wrongful death, and the 1982 addition of a right of recovery by the "respective categories of persons who would have had a cause of action for wrongful death" does not remove that limit in cases of nonfatal injury. That limit has been applied in the case of a wrongful death when the spouse subsequently died, and we conclude that it equally applies in the case of a nonfatal injury if the spouse subsequently dies or divorces.
Only the spouse, at the time of the injury, "would have had" a wrongful death action had death instead of injury occurred, and therefore only the spouse (in addition to the injured person) can recover her personal damages from the injury.
Writs are therefore refused.