541 So.2d 209 (1989)
Rosella Manuel MINION, et al.
v.
GAYLORD'S INTERNATIONAL CORP., et al.
No. 88-CA-1262.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1989.
Gair M. Oldenburg, New Orleans, for plaintiffs-appellants.
William E. Wynne, Bastian & Wynne, New Orleans, for defendants-appellees.
Before SCHOTT, C.J., and ARMSTRONG and PLOTKIN, JJ.
SCHOTT, Chief Judge.
This is a claim by the children of Rosella Manuel Minion for damages for loss of consortium growing out of Minion's alleged malicious prosecution by defendant, Gaylord's. The trial court sustained an exception of no right of action and the children have appealed. The issue is whether under Louisiana law a tort such as malicious prosecution which causes no physical injury to the victim may be a basis for recovery by the proper beneficiaries for loss of consortium.
The petition alleges that on December 9, 1983 when Minion reported to her place of employment at Gaylord's she was detained by security personnel, questioned at length, and accused of theft. The security personnel took her to her home, forced her to admit them, searched her home, and confiscated items from her home. They returned her to the store where she was arrested by New Orleans police officers. The police brought her to jail where she was booked and incarcerated, she was released on bond, and she was "vigorously and maliciously prosecuted" by Gaylord's until she was acquitted on November 9, 1985. The petition further alleges that for this entire period of twenty-three months when Minion was being prosecuted, her children, appellants, "were placed in unreasonable fear for their own safety, well-being and family and during that period of time and beyond, suffered the loss of consortium, service and society of their mother, suffered a great deterioration of their home lives, suffered the results of the prosecution including suspicion among peers, loss of financial standing and loss of their general lifestyle due to the actions of Defendant...."
Defendant filed exceptions of no right of action and no cause of action to the claim of appellants. The trial court sustained the exception of no right of action and dismissed appellants' claims. Because the arguments on both sides are primarily directed to the question of whether appellants have a cause of action for their claims we will treat the judgment as having sustained both exceptions.
By Art. 202 of 1982 the legislature amended LSA-C.C. art. 2315 to add a second paragraph so that the article in pertinent part reads as follows:
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

*210 Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person.
Art. 2315.2 which was added by Act 211 of 1986 (these provisions were previously a part of art. 2315) provides the categories of persons who have a cause of action for the wrongful death of an injured person in pertinent part as follows:
A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children;
If this were an action for Minion's wrongful death, appellants, as her children, would have the right to bring the suit. Consequently, appellants have a right of action under art. 2315 to seek damages for loss of consortium. We have concluded that the trial court erroneously sustained defendant's exception of no right of action. C.C.P. art. 927(5); Levens v. Commercial Union Ins. Co., 485 So.2d 521 (La.App. 4th Cir.1986).
The principal issue is whether appellants have a cause of action under the facts as pleaded in their petition. In considering an exception of no cause of action the facts as pleaded are accepted as true. The question is whether the law provides a remedy or affords relief to the plaintiff based upon the facts alleged. The trial court apparently concluded that art. 2315's grant of relief for loss of consortium did not extend to a tort which caused no physical injury, but only psychological injury. We disagree with that interpretation.
The first rule of statutory interpretation is to apply the law as written when it is clear and unambiguous and its application does not lead to absurd consequences. C.C. art. 9. The article under consideration clearly confers on someone other than the tort victim the right to recover damages for loss of consortium, service, and society previously provided by the victim before his injury by the tortfeasor. Defendant argues from the structure of the article that the legislature intended to condition recovery on the victim being physically injured because of the article's reference to a cause of action for wrongful death. In other words defendant contends that the juncture of the notion of wrongful death with that of loss of consortium shows that the legislature intended recovery for loss of consortium only in the case where the victim suffered physical injury which could have led to his death. The paragraph under consideration contains two parts. In the first the right of recovery for loss of consortium, service, and society is extended to all torts where theretofore it applied only to wrongful death actions. In the second part of the article the legislature restricted this right of recovery to certain persons and simply refers to the wrongful death statute to declare who those persons are.
In its brief defendant acknowledges that severe physical injuries such as those which render the victim a quadriplegic can have a devastating effect on his family requiring the members to perform tasks normally done by the physically injured person. Defendant suggests that no psychological injury could have such a crippling effect on family members. Mental illness can be as severe as a physical injury. For example, severe mental depression can incapacitate a person from performing his duties, require him to take strong medication, necessitate regular and frequent medical treatment, and prevent him from participating in social and recreational pursuits with his family. It is illogical to conclude that the legislature did not intend to provide a cause of action to the family members of such a victim whose mind and spirit are broken but whose body is intact.
Defendant also seems to argue that the legislative intent was to restrict recovery to those cases where the injury is "catastrophic" or has a "devastating effect" on the beneficiaries, as in the case of "physical injury sustained by a tort victim who does not die from his or her injuries." In *211 other words the degree of injury would determine the right to recover. Since we have concluded that the statute's reference to wrongful death is for the sole purpose of determining who may have the right to recover and not for the purpose of defining the cause of action this argument has no merit. In any tort case some injury to the victim is a condition of recovery and the amount of the award is determined by the degree of injury. The same rules apply in the present case.
Finally defendant expresses a number of fears concerning this cause of action which are unfounded. That the courts would be flooded with such claims is unlikely since the legislature has carefully restricted the class of persons who may assert such a claim. That it would open the door for claims based upon mental anguish of relatives of the immediate victims is prevented by the language of the statute which restricts recovery by the claimant to loss of consortium, service, and society.
Accordingly, the judgment of the trial court is reversed and set aside, the exceptions of no cause and no right of action are overruled, and the case is remanded to the trial court for further proceedings. All costs of this appeal are assessed against defendant. Assessment of other costs will await the outcome of the case.
REVERSED AND REMANDED.