543 So.2d 626 (1989)
Julia Watson RUFFIN
v.
LEEVAC CORPORATION, et al.
No. CA 88 0644.
Court of Appeal of Louisiana, First Circuit.
May 16, 1989.
*627 Robert S. Robertson, Morgan City, for plaintiff.
Paul B. David, Broussard & David, Lafayette, for defendants.
Before COVINGTON, C.J., and LOTTINGER and FOIL, JJ.
COVINGTON, Chief Judge.
This suit commenced as a suit for damages for wrongful death of Herman Watson brought by his sole surviving sister, Julia Watson Ruffin, allegedly caused by a head-on collision involving a vehicle driven by defendant Leevac Corporation's employee, Richard D. Martin, Jr., in which vehicle the deceased was a passenger. The liability insurer of the defendants, Reliance Insurance Company of Illinois, was joined as a defendant.
To the action, defendants filed an exception of no right of action, alleging the existence of an illegitimate child of the decedent, Jerome Parker. A motion for continuance was denied and the exception was referred to the merits, with the trial proceeding immediately.
After a four-day trial of conflicting testimony and evidence, Judge Patin, as Judge Ad Hoc, found that Herman Watson was in fact survived by an illegitimate son, Jerome Parker, and rendered judgment in favor of defendants sustaining their exception of no right of action and dismissing plaintiff's suit.
Plaintiff's motion for new trial was denied, after hearing, by Judge Paul J. DeMahy.
From the adverse judgment, plaintiff has devolutively appealed to this Court.
For reasons herein provided, we hold that the court below properly sustained defendants' exception of no right of action. Therefore, we pretermit any discussion of the merits of the plaintiff's case.
The peremptory exception raising the objection of the right of the plaintiff to bring this action presents the question of whether plaintiff, the sister of the deceased, is the proper person to maintain a wrongful death action under Civil Code Article 2315.2, which establishes three separate and exclusive classes of persons having the right to bring suit to recover damages which they have sustained as a result of the death of a person caused by the fault of another person, as follows:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children;
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving; and
(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child or parent surviving.
The right of action created by the wrongful death action article of the Civil Code, now Article 2315.2, may be extended only to the beneficiaries named in the article and the classes of beneficiaries must be *628 strictly construed. Roche v. Big Moose Oil Field Truck Service, 381 So.2d 396 (La. 1980), noted 41 La.L.Rev. 954 (1981).
As stated in Article 2315.2, plaintiff, as a sibling of the deceased, has no right of action if her brother was survived by an illegitimate child, as the defendants contend. This issue was settled in Warren v. Richard, 296 So.2d 813 (La.1974), where the court held that an illegitimate child is in the same position as a legitimate child in a wrongful death action, and the fact that the deceased was survived by a child precluded the deceased's sister from recovery of damages for his wrongful death. See also Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968).
Thus, the primary issue becomes one of fact, i.e., whether deceased was survived by a child.
The trial judge found as a fact that Jerome Parker is the illegitimate son of Herman Watson, the deceased.
The factual findings of the trier of fact will not be disturbed absent a determination that its findings were clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
At the time that Jerome Parker was conceived in 1963, Herman Watson was living in a house at 108 Jennings Lane in Houma, Louisiana. Also living at the same address was Lilly Mae Parker, with several of her children including a daughter, Geraldine. Geraldine Parker (now Douglas) testified that Herman Watson was the father of her son, Jerome. She stated that Watson acknowledged to her and to Jerome that he was Jerome's father. She also said that Watson took Jerome shopping, bought him clothes, gave him money and helped send him to college. She further testified that she knew Watson also had a daughter, Deborah.
Evidence was presented that Herman Watson openly acknowledged to family and friends that Jerome Parker was his son. There was evidence that Watson gave Jerome some financial support, went to see Jerome play football, visited with Jerome and went to Jerome's high school graduation.
Jerome Parker, who was 22 years old at the time of trial, testified that Herman Watson was his father. He further testified to things that Watson did for him, such as helping him go to college. Jerome attended Watson's wake and funeral.
There was testimony that Jerome bore a strong resemblance to his father.
When the totality of the evidence is considered, it supports the trial judge's finding that Jerome Parker is the illegitimate son of Herman Watson. There is, in the record, evidence of frequent and unequivocal acknowledgment of Jerome Parker as his son by Herman Watson. See State Through Department of Health and Human Resources v. Williams, 471 So.2d 1064 (La.App. 3 Cir.1985).
Since the deceased was survived by a son, his sister does not have a right of action under Article 2315.2 for his wrongful death.
For the foregoing reasons, the judgment of the district court is affirmed at appellant's costs.
AFFIRMED.