566 So.2d 156 (1990)
Doris CHATELAIN, Plaintiff-Appellant,
v.
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, et al., Defendants-Appellees.
No. 21571-CA.
Court of Appeal of Louisiana, Second Circuit.
July 18, 1990.
Writ Granted November 26, 1990.
*157 Broussard, Bolton, Halcomb, Vizzier & Vanhoof, Roy S. Halcomb, Jr., Alexandria, for plaintiff-appellant.
Cook, Yancey, King & Galloway, Albert M. Hand, Jr., Shreveport, for State Dept. of Transp. and Development.
Theus, Grisham, Davis & Leigh, Thomas G. Zentner, Jr., Monroe, for Bienville Parish P.J. and Commercial Union Ins. Co.
Gregory Norman Wampler, Colfax, for intervenor, Peggy Tullis Malone.
Before MARVIN, NORRIS and HIGHTOWER, JJ.
MARVIN, Judge.
The appeal in these actions arising out of an alleged wrongful death (CC Arts. 2315.1 and 2315.2) questions
whether the appellant, decedent's mother, a class two wrongful death beneficiary under the codal scheme, has a right of action when the decedent was also survived by an informally acknowledged, but unfiliated, illegitimate child,
whether that illegitimate child is a class one beneficiary when she did not attempt to assert her 2315.1 and 2315.2 and filiation actions until decedent had been dead four years, and if so,
whether, in that circumstance, the defendants should be allowed to prove the illegitimate child's filiation by introducing evidence in a hearing on their exceptions of no right of action filed against the mother more than one year after decedent's death.
We affirm the judgment sustaining the exception of no right of action against the mother of decedent.

PROCEDURAL AND FACTUAL CIRCUMSTANCES
Decedent's mother timely filed her action in 1983, 10 months after decedent's death, alleging that decedent was not survived by a wife or children. In 1986 the illegitimate child's natural tutrix, alleging filiation, unsuccessfully attempted to intervene in that action by filing a "motion to substitute" herself, on behalf of the child, Amber, as the proper party plaintiff. Decedent's mother and defendants successfully opposed the motion to substitute by contending that the tutrix had shown no grounds for substitution under CCP Arts. 801-807. Decedent's mother also asserted that the right of the tutrix to bring the filiation action on Amber's behalf had prescribed under CC Art. 209.
The trial court, in its denial of the motion to substitute, did not reach the prescription issue, stating that Amber's tutrix could "either appeal or file [a separate] suit or both." The tutrix did not appeal the judgment denying her motion to substitute.
From evidence taken at the hearing on defendants' exception of no right of action, the trial court found that the decedent had informally acknowledged his paternity of Amber, who was born in 1979, before his death in 1982. From our review of the record and notwithstanding the mother's assignment that the acknowledgment was not proved by clear and convincing evidence, we conclude that the factual finding is supported by the record and is not clearly wrong.
In this appeal decedent's mother contends that because Amber's natural tutrix did not timely bring a filiation action within a year of decedent's death, as required by CC Art. 209, the defendants should not have the right to prove Amber's filiation to exclude the mother on their exceptions of no right of action. Amber's natural tutrix *158 did not join in or answer the mother's appeal.

THE ILLEGITIMATE CHILD AND WRONGFUL DEATH ACTIONS
For the purpose of the wrongful death actions, an acknowledged, but unfiliated, illegitimate child who can prove filiation to a decedent, is not distinguished from the legitimate child of the decedent since Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968). The scheme of the code after Levy may be discerned by reading together CC Arts. 209, 2315.1 and 2315.2. Between Levy (1968) and Succession of Brown, 388 So.2d 1151 (La.1980), Louisiana law did not provide a prescriptive period or limit the time for proving filiation. This court's opinion in Succession of Brown suggested that the legislature provide such procedures in the light of its holding that an illegitimate child who could prove filiation could inherit from his or her deceased parent. 379 So.2d 1172, 1178 (La.App.2d Cir.1980).
Accordingly, the legislature in 1980 began amending the Civil Code to establish the procedure and the burden of proof and to limit the time for an illegitimate child to prove filiation generally for whatever purpose, and specifically for the purpose of the wrongful death actions. See former CC Arts. 208, 209, 2315 and amendments through 1986. The current law is stated in Arts. 209 and 2315.1 and 2315.2. For a sampling of cases interpreting the law in this area, see Succession of Grice, 462 So.2d 131 (La.1985); Reed v. Missouri Pacific R.R., 446 So.2d 831 (La.App. 2d Cir. 1984); and Succession of Sanders, 485 So.2d 126 (La.App.2d Cir.1986), writ denied.
CC Art. 209 covers, generally, the filiation action and, specifically, the actions arising out of wrongful death. The filiation action must be brought by the illegitimate child within one year of the death of alleged parent or within one year of the child's 19th birthday, whichever is sooner. The child may not thereafter establish filiation except for the sole purpose of establishing the right to recover damages under CC Art. 2315 (now 2315.1 and 2315.2).
A proceeding to establish filiation for the purpose of asserting the right to recover Art. 2315 damages may be brought by the illegitimate child within one year of the death of the alleged parent and may be cumulated with the action to recover damages. CC Art. 209 C; Reed v. Missouri Pacific R.R., supra. When parts of Art. 2315 were severed and restructured into 2315.1 and 2315.2 in 1986, Art. 209 was not correspondingly amended, but the meaning of Art. 209 C and its connection to Arts. 2315.1 and 2315.2 remain clear.
Born in 1979, Amber was under 19 years old when her father died. Having not appealed the denial of her motion to be substituted as party plaintiff, Amber is not a party in this action and we need not consider her rights as an acknowledged, but unfiliated, illegitimate child in any context other than in relation to the issues we have posed. Here we determine only who in what class of beneficiaries under Arts. 2315.1 and 2315.2 survived the decedent and when that determination should be made.

THE ILLEGITIMATE CHILD AS A CLASS ONE BENEFICIARY
From the inception of the wrongful death action, Art. 2315 has always recognized at least two classes of survivors who have the right to bring the action, the preferred class [one] being the children and widow. The existence of a person in the preferred class has always excluded the mother and father in the deferred class [two]. This scheme has been continued in the current Arts. 2315.1 and 2315.2. Art. 2315.2 reads in part:
A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children;
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving;

(3) * * *

*159 B. The right of action granted by this article prescribes one year from the death of the deceased. * * *
Our emphasis.
For the purpose of this article and 2315.1, survivorship is to be determined as of the moment of decedent's death, notwithstanding that this determination may produce "unjust and inequitable" results. Blanchard v. Tinsman, 445 So.2d 149 (La. App.3d Cir.1984), writ denied. See also Johnson, Death on the Callais Coach: The Mystery of Louisiana Wrongful Death and Survival Actions, 37 La.L.R. 1, 14 (1976):
The status of the various beneficiaries must be determined as of the moment of the death of the decedent, and the preferred class must actually be empty before a deferred class is entitled to an action. The fact that the preferred class is occupied at the death of the decedent by a person who survives the decedent only fictionally or for a short period of time, or who is barred from bringing the action by his own contributory negligence, does not make the preferred class "empty" and permit a deferred class member to sue as a beneficiary.
Footnotes omitted; emphasis supplied.
An acknowledged, but legally unaffiliated, illegitimate child, for the purpose of the wrongful death action, stands on equal footing with a legitimate child, and is a child and a class one wrongful death beneficiary who will exclude a class two wrongful death beneficiary, such as the mother of the decedent. Levy v. Louisiana, supra; Warren v. Richard, 296 So.2d 813 (La.1974); Willis v. Winford Co., Inc., 366 So.2d 193 (La.App.2d Cir.1978); Ruffin v. Leevac Corp., 543 So.2d 626 (La.App. 1st Cir.1989), writ denied.
Warren and Willis were decided before CC Art. 209 was amended to increase the time for bringing the filiation-wrongful death actions to one year. Under the codal scheme of survival and wrongful death action beneficiaries, both before and after decedent's death in 1982, the preferred class of beneficiaries is determined by who survived the decedent at the time of his death, and not by a hindsight view of who has or has not filed the actions during the time period. See Johnson, 37 La.L.R. 14, quoted supra. See also Levens v. Commercial Union Ins. Co., 485 So.2d 521 (La.App. 4th Cir.1986).
As of the date of decedent's death, Amber, his informally acknowledged, but unfiliated, illegitimate child, survived him. At that time and in that capacity, Amber had the right of action, of which Art. 2315 speaks and for a period of one year, to institute, separately or cumulatively, her demands for filiation and for damages arising out of the wrongful death. Reed, supra. It is not Amber's bringing one or more of the actions, but rather the fact that decedent "left [a] child surviving," that excludes or precludes decedent's mother's right of action under Art. 2315 or its successor, Arts. 2315.1 and 2315.2.
The definition of child in the 2315 articles does not, and constitutionally cannot, exclude the acknowledged, but unfiliated, illegitimate child for the purpose of the actions arising out of a wrongful death. The definition of children in Art. 3556(8), as including those whose filiation has been established in the manner provided by law, applies only in those instances whenever the term has not been particularly defined elsewhere in the code. Art. 3556.
Article 209 expressly considers that an illegitimate child may bring the wrongful death actions even though that child has not proved filiation before decedent's death. The law thus provides the manner and the time in which Amber may prove her filiation and assert the wrongful death actions. Neither the 2315 definition nor the 3556 definition of children avails the decedent's mother who is faced with defendants' exception of no right of action in her wrongful death actions.
The mother's argument, in effect, reasons that once the acknowledged, but legally unfiliated, illegitimate child fails to bring a filiation action within one year of the decedent's death, the child, who arguably could not inherit from decedent, should be *160 legally deemed to have been non-existent for the purpose of the wrongful death actions. That reasoning, for purposes other than determining who in what class of beneficiaries has the capacity or right to bring the wrongful death action, may be, in those other circumstances, a tenable argument. That issue, however, we need not decide in this appeal.
In the context of the actions arising out of wrongful death, the reasoning of decedent's mother cannot stand against the clear provisions of the civil code and the case law since 1968. Art. 2315 and its successor articles have expressly and consistently recognized that beneficiaries in more than one class may survive the decedent and have provided that beneficiaries of a higher class shall exclude the right of action of those in a lower class. Reed v. Missouri Pacific R.R., supra, recognized that an informally acknowledged, but unfiliated, illegitimate child of a decedent who died in 1982, is a "child" of decedent who has a right of action to cumulatively institute his or her filiation and wrongful death claims within the time provided by law.
Art. 209 C codifies the Reed holding, expressly providing that an acknowledged, but unfiliated, illegitimate child, under age 19, is a beneficiary under the 2315 articles, who, like the legitimate child, has one year from the date of the decedent's death to bring the wrongful death actions, which the illegitimate child may cumulate with the filiation action.
Since the 1981 amendment of Art. 209, the informally acknowledged, but unfiliated, illegitimate child who is under 19 years old, like the legitimate child, has had the right of action for wrongful death and the right of action to prove filiation for a period of one year from decedent's death. We need not decide in this appeal whether that period of time for the illegitimate child is one of peremption or prescription because Amber was not a party below and is not asserting any right in this appeal. Compare, however, the language of 2315.1 and 2315.2. The 2315.1 "right" is said to "survive" for a period of one year, while the 2315.2 "right of action" for the surviving persons who "may [bring] suit" is said to "prescribe one year from the death ..." See Guidry v. Theriot, 377 So.2d 319 (La. 1979).
A legitimate child surviving a deceased parent, who may bring suit, but who, for whatever reason, elected not, or simply failed, to timely bring any action arising out of the wrongful death, would not be legally deemed to be non-existent after the anniversary date of the decedent's death even where a class two beneficiary had timely instituted the actions and was faced with an exception of no right of action. The fact that a survivor in class one failed, or elected not, to exercise his or her personal right to bring suit does not accurately state the issue and does not benefit a survivor in class two.
The issue in such a situation on an exception of no right of action against the class two beneficiary, is who survived the decedent in what class of beneficiaries when the decedent died. We see no reason in the law applicable to this situation why the existence of an acknowledged, but unfiliated, illegitimate child should be considered differently from the existence of a legitimate child in the wrongful death action. The surviving mother simply is not given a right of action by Art. 2315 if a child in the preferred class one has the right of action when the decedent died, whether or not the child elects to bring the action within the one-year time period.
As one who has the right of action, for the one-year period, to institute demands of filiation and of wrongful death damages under Reed and Art. 209 C, the acknowledged, but unfiliated, illegitimate child, like a legitimate child, is a class one beneficiary under former Art. 2315 and current Arts. 2315.1 and 2315.2.

NO RIGHT OF ACTION
We hold only that an acknowledged, but unfiliated, illegitimate child, for a period of one year from the date of the decedent's death, has the same right of action as does a legitimate child to bring the wrongful death and survival actions, and the fact that such a child exists at the moment of decedent's death "excludes" a beneficiary *161 of a lower class. These "facts" may be proved by evidence introduced on the hearing of defendant's exception of no right of action filed after the anniversary of decedent's death.
The issues in this appeal question only the capacity of the decedent's mother to proceed in her actions arising out of decedent's wrongful death. Sustaining defendants' exception of no right of action against the mother of decedent does not filiate or otherwise benefit Amber. A defendant in the actions may question and present evidence on that capacity by filing the exception of no right of action, even more than a year after the decedent's death. The exception of no right of action may be filed at any time before submission in the trial court and is an exception upon which evidence may be taken. CCP Arts. 927, 928, 931.

DECREE
The judgment is affirmed at appellant's cost.
HIGHTOWER, J., dissents and assigns written reasons.
HIGHTOWER, Judge, dissenting.
While disclosing the trial court's factual conclusion that the decedent was the biological father of the child, the record does not indicate informal acknowledgment to be the basis for that conclusion. Indeed, in my view, the evidence would fall far short of establishing such an acknowledgment by "clear and convincing evidence."
We are concerned, then, with an illegitimate approximately three years of age at the time of Malone's death, June 11, 1982. LSA-C.C. Art. 2315, in pertinent part, then provided:
The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased....
As used in this article, the words `child', `brother', `sister', `father', and `mother' include a child, brother, sister, father, and mother, by adoption, respectively.
Obviously, aside from simply mentioning a child by adoption, the article did not and does not define "child" or "children" with particularity, or otherwise. Thus, the LSA-C.C. Art. 3556(8) definition of "children" controls, viz., the term includes "... those persons born of the marriage, those adopted, and those whose filiation to the parent has been established in the manner provided by law ..." (Emphasis added).
Concerning the "manner provided by law," LSA-C.C. Art. 208 requires, where, as here, a child is not legitimate, or not filiated by legitimation or formal acknowledgment, that he or she institute a proceeding to prove filiation under LSA-C.C. Art. 209. That proceeding must be initiated by the child or on his behalf during the time limits provided (within one year of the death of an alleged parent, or 19 years after the child's birth, whichever first occurs). LSA-C.C. Art. 209.[1]
*162 Nor is the requirement of such a proceeding contrary to Levy v. Louisiana, supra, cited by the majority. That decision does not dictate the proposition that, with respect to wrongful death and survival actions, an illegitimate is not, and may not, be distinguished from a legitimate. Instead, permissible state interests warrant placing procedural demands on illegitimate children for whom benefits have been accorded in certain matters, and justify not treating illegitimates and legitimates identically. See Mills v. Habluetzel, 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982); Lalli v. Lalli, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978).
Prior to 1980, no time limit confronted an illegitimate seeking to establish filiation. Appreciation of that fact, and that the methods of proving filiation have undergone a progression of legislative changes, is appropriate when considering earlier cases such as Warren v. Richard, supra, and Willis v. Winford Co., Inc., supra. In 1980, Act 549 amended Article 209 to impose a fixed delay for establishing filiation to assert any rights "in the succession" of the parent. Thereafter, a 1981 amendment broadened application of Art. 209 beyond just succession matters by providing "[i]f the proceeding is not timely instituted, the child may not thereafter establish filiation." LSA-C.C. Art. 209(B), as amended by Acts 1981, No. 720. In tandem with that legislation, Act. 919 of 1981 amended the LSA-C.C. Art. 3556(8) definition of "children" to, in effect, specifically require illegitimates to establish filiation in the manner provided by law.
Granted, LSA-C.C. Art. 2315 establishes the spouse and child or children of the deceased as the class of first priority, and members of that class recover to the exclusion of those in the other classes. Nevertheless, a person is not a "child" merely by virtue of possessing a right of action for filiation, be it cumulative or otherwise. Rather, one attains that classification by conforming to the definition of the term as provided by LSA-C.C. Art. 3556(8). At the time of decedent's death, Amber had not achieved that class. Further, even today, she has not established filiation "in the manner provided by law."
Additionally, the substantive right to establish filiation, which LSA-C.C. Art. 209 creates in the illegitimate, is personal to the child. Only the child or those acting on his behalf are authorized to institute the filiation proceeding. LSA-C.C. Art. 209(A); see O'Bannon for O'Bannon v. Azar, 506 So.2d 522 (La.App. 1st Cir.1987).
Since a filiation action was not timely brought on behalf of Amber, she is now forever barred from establishing filiation for any purpose. And, it stands to reason, if Amber is precluded from asserting a right personal to her, that third parties, such as defendants, are not allowed to do so either. That is to say, in order to define her as a "child," they may not, at this late date and on their own behalf, establish filiation "in the manner provided" by LSA-C.C. Art. 209.
The majority's holding provides a broad defense to tortfeasors, a defense which may be asserted after long delays, possibly exposing, in the process, innocent persons to secret liaisons shrouded in an unsuspected past. Indeed, those assertions will arise solely for the benefit of defendants, who presumably can prevail over a decedent's mother through a different and lower standard of proof than that required of a child in a contest with the mother.
Under the conclusions reached by the majority, the mere existence of a illegitimate however remote, even one forever precluded from establishing filiation, will serve as a bar to other classes of beneficiaries granted the right to seek recovery under LSA-C.C. Art. 2315. Specifically, under such circumstances, no one will be permitted to maintain the wrongful death or survival action, a result hardly intended by the legislature. In my view, in respect *163 to illegitimates, "child" as used in LSA-C.C. Art. 2315 refers only to those persons who timely establish filiation according to law.
I respectfully dissent.
NOTES
[1] As amended and reenacted by Acts 1981, No. 720, LSA-C.C. Art. 209 read as follows:

Art. 209. Proof of filiation.
A. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
B. The proceeding required by this Article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation.
C. The right to bring this proceeding is heritable.
This article was later amended by Acts 1982, No. 527, and Acts 1984, No. 810. These amendments, however, have no effect of substance on the questions here discussed. Accordingly, unless indicated otherwise, any reference here to Article 209 pertains to its provisions as stated above.