YELYERTON, Judge.
This appeal involves the third time that Angela Menard has brought an action claiming a share of the estate of Raymond Foti. The trial court granted defendants’ motion for summary judgment. Ms. Me-nard appealed and we affirm for the reasons set forth in this opinion.
This case began when the succession of Raymond Foti was opened in St. Martin Parish, the parish of his domicile, following his death on October 20, 1979. An affidavit of heirship was filed in the succession indicating that the deceased had never married, and that he never had any legitimate children, was never adopted, and never *1042 adopted anyone. On December 28, 1979, a judgment of possession was signed placing the deceased’s collateral heirs into possession of all of his property.
On June 26, 1980, Doris Woodruff, individually and as natural tutrix of her daughter Angela Foti, filed a suit, styled “Petition for Property or the Value of Property or Support”, against the collateral heirs of the deceased. In her petition Ms. Wood-ruff claimed that the deceased promised he would marry her before he died and that he would leave a will giving her one-half of his property as her share and giving Angela, whom she claimed was his child, his one-half share. The petition alleged that the deceased and Ms. Woodruff never married and that he died intestate. One of the claims in the suit was to establish filiation. In her suit Ms. Woodruff asked that there be judgment in favor of herself and Angela, recognizing and sending into possession herself as owner of one-half of the property left by the deceased, and Angela as owner of the other one-half of the property left by the deceased. Alternatively, she prayed that there be judgment in favor of them and against the defendants for the value of the property left by the deceased, and, still further in the alternative, that there be judgment in her favor for her support during the remainder of her life, in the amount of $2,000 per month, and judgment for the support of Angela in the sum of $2,000 per month during Angela’s minority. In response the defendants filed dilatory and peremptory exceptions.
The suit was settled on January 20,1981. On that day, a judgment was signed which qualified Ms. Woodruff as the natural tu-trix of Angela. A judgment was also signed approving the settlement of Angela’s claim against the collateral heirs of the deceased for $21,000, and authorizing the tutrix to accept this amount as satisfaction of any claims that Angela might have against the estate and heirs of the deceased. On that same day, pursuant to judicial authority, a receipt and release of all rights was signed by Ms. Woodruff both individually and as tutrix of Angela. This receipt and release stated that the plaintiffs “for and in consideration of the receipt of FORTY-TWO THOUSAND AND NO/100 ($42,000.00) DOLLARS, cash, hereby and herewith release, surrender and abandon any and all causes of action pleaded by her in the above numbered and entitled suit, for herself individually, and for her said minor daughter, ANGELA MICHELLE FOTI, and also, releasing and surrendering any and all other rights of action, claims or demands whatsoever, which she and the minor child may or might have against the estate of RAYMOND FOTI, deceased.” A judgment was then signed on the motion of Ms. Woodruff and Angela dismissing their claims with full prejudice.
In 1988, after Angela attained the age of majority, she filed a petition for damages and recovery of property against the collateral heirs of the deceased. Angela asked that there be judgment in her favor recognizing her as the sole owner of all property of the deceased, and ordering the defendants to surrender to her the possession of any property of that estate which was still in possession of the defendants, and awarding her money damages for the amount of the value of the property of the estate which was no longer in defendants’ possession, along with the value of all fruits and income derived from the property of the deceased since his death.
In response defendants filed dilatory and peremptory exceptions, including the exception of res judicata. The trial judge granted the exception of res judicata, finding that the suit filed by Angela and the previous suit filed by Angela’s mother on Angela’s behalf were identical. The 1988 suit was dismissed.
On December 12, 1990, Angela filed the present action against the collateral heirs of the deceased. This suit demanded the nullity of the 1979 judgment of possession rendered in the succession, and the nullity of the 1981 judgment of dismissal. In response the defendants filed a motion for summary judgment, and dilatory and peremptory exceptions including an exception of no right of action. The judge granted defendants’ motion for summary judgment *1043 on February 13, 1991. It is from this judgment that Angela has appealed.
ANNULLING JUDGMENT OF POSSESSION AND JUDGMENT OF DISMISSAL
Angela claims that the 1979 judgment of possession should be annulled because the judgment of possession was entered at a time when she was a minor and she was never served with process in that proceeding. She also claims that the settlement of the claims in 1981 was a partition of the assets of the deceased and that certain requirements for a partition were not followed, and that for these reasons the judgment of dismissal should also be annulled.
At the time the judgment of possession was entered, Angela was, according to her own allegations, an illegitimate. She had a right of action to establish filiation under La.C.C. art. 209. However, when the succession was opened and the judgment of possession was rendered, the right had not been exercised.
Angela’s action of nullity with regard to the judgment of possession is based on La.C.C.P. art. 2002(2), which provides that a final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken. Her contention is that she was not served with process in the succession proceeding. Article 2002(1), declares that a final judgment shall be annulled if it is rendered against an incompetent person not represented as required by law. Her contention is that she was a minor.
The trouble with both of these contentions is that no judgment was rendered in the succession against Angela. She was not a party to the proceeding and she was not entitled to be a party because she was not an heir. Foti’s succession was an intestate succession. Angela claims to have been an intestate successor, or heir, as a descendant of Foti. La.C.C. arts. 876 and 888. She claims that her status as a child of Foti is based on her right to prove filiation.
We cannot agree. It is true that the word “children” includes “those whose filiation to the parent has been established in the manner provided by law.” La.C.C. art. 3506(8). However, as Judge Hightower pointed out in his dissenting opinion in Chatelain v. State, DOTD, 566 So.2d 156 (La.App. 2d Cir.1990), rev’d on other grounds, 586 So.2d 1373 (La.1991), a person is not a child of a parent merely by virtue of possessing a right of action for filiation.
A petition for possession without an administration in an intestate succession must allege, and a judgment of possession rendered thereupon shall recognize, that the petitioners are the sole heirs of the deceased. La.C.C.P. arts. 3002 and 3061. Angela was not an heir of Foti and there is no basis for annulling the judgment of possession under La.C.C.P. art. 2002.
We also find that the settlement made in 1981 was not a partition, but rather a receipt and release of all rights, including the right to prove filiation, against the deceased’s estate and collateral heirs. She did not receive a share of the assets of the deceased. Angela was not a co-heir. She received a sum of money in exchange for releasing all claims she had against the deceased’s estate and heirs. Therefore, the provisions applying to partitions are not applicable.
We also find that there is no basis for annulling the judgment of dismissal. La.C.C.P. art. 4265 provides that a tutor may compromise an action by the minor with the approval of the court. That was done in this case. On the application of Ms. Woodruff and after a hearing, the district court approved the settlement of Angela’s claim against the estate and heirs of the deceased for $21,000. The court ordered that the settlement was to be invested by Ms. Woodruff as Angela’s tutrix. The court also authorized Ms. Woodruff to dismiss the suit with full prejudice upon payment by defendants of all costs of the court. The judgment of dismissal was then signed on the motion of the plaintiffs.
*1044 We conclude that Angela cannot prove any ground for the annulment of either the judgment of possession or the judgment of dismissal, and that summary judgment was appropriate.
DAMAGES FOR FRIVOLOUS APPEAL
Defendant filed an answer to plaintiffs appeal asking for damages for a frivolous appeal. La.C.C.P. art. 2164 provides that an appellate court may award damages for frivolous appeal. Under this article, we have the authority to award damages for a frivolous appeal when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that appellant’s counsel does not seriously believe in the position he advocates. Louisiana Home Builders v. Fontenot, 546 So.2d 325 (La.App. 3rd Cir.1989).
We think that Angela seriously believed she had a legal right to annul the judgment of possession and judgment of dismissal. This action was different from the first two actions. By this action Angela was directly attacking the judgment of possession and judgment of dismissal. In the first two actions she was collaterally attacking the judgments. There was also in the present suit no pending action to delay. This was a new action asserted by Angela. We exercise our discretion to deny defendants damages for frivolous appeal.
For these reasons we affirm the judgment of the trial court. We deny defendants' request for damages for frivolous appeal. Costs of this appeal are assessed to plaintiff/appellant, Angela Menard.
AFFIRMED; DAMAGES FOR FRIVOLOUS APPEAL DENIED.